[No. 17253. Department Two. October 6, 1922.]

ALONZO SHADBOLT, *Respondent,* v. THE DEPARTMENT OF
LABOR AND INDUSTRIES, *Appellant.*[1]

MASTER AND SERVANT (20-1)—WORKMEN'S COMPENSATION—INJURY
TO SERVANT—"FORTUITOUS EVENT"—EVIDENCE—SUFFICIENCY. Findings
that the rupture of a diseased appendix was caused by lifting a
heavy timber, and that the same was a "fortuitous event" within
the workmen's compensation act, entitling the injured employee
to compensation, are sustained by evidence that the pressure was
liable to cause the rupture and experts testified that the appendix
was diseased at the time, and were of the opinion that the rupture,
disclosed shortly after, was caused thereby.

Appeal from a. judgment of the superior court for
Thurston county, Wilson, J., entered February 14,
1922, upon findings in favor of the plaintiff, on appeal
from a decision of the department of labor and indus-
tries rejecting a claim for compensation under the
workmen's compensation law. Affirmed.

*The Attorney General* and *John H. Dunbar, Assist-
ant,* for appellant.

*Geo. F. Yantis,* for respondent.

MAIN, J.—This cause arose out of a claim filed with,
and later rejected by, the department of labor and in-
dustries. After the rejection, the claimant appealed
to the superior court, and trial there resulted in find-
ings of fact, conclusions of law and a judgment sus-
taining the claimant's right to compensation. From
this judgment, the department of labor and industries
appeals.

Alonzo Shadbolt, the claimant and respondent, was
employed about May 1, 1921, as a shingle sawyer at a
shingle mill in the city of Olympia. On May 11 he went

[1]Reported in 209 Pac. 683.

to work as usual at about 5:30 p. m. (he being employed on the night shift). At this time he felt well and normal. The work which he was doing involved transferring blocks weighing from fifty to one hundred and fifty pounds from a table or platform to a carrier which conveyed them to the saw. The blocks were transferred from the right side to the left. In making this transfer, owing to their heavy weight, he rested them on his right side in such a manner that would bring pressure upon the region of the appendix. At about 11 o'clock p. m., on the night of the 11th, the respondent felt a pain in the abdomen and was affected by nausea and vomiting. He told a fellow employee of his condition and was disposed at that time to quit work and go home. At this time the timber which they were handling was getting smaller and poorer and, therefore, less profitable to the men handling it, and the other employee remarked to him that he must be getting "sick of the timber," when he complained. He worked to the end of his shift, which was 2:15 a. m. After finishing his shift, he returned home very ill. Later in the day he called a physician, and between ten and eleven o'clock on that night was operated on for appendicitis. At the time the operation occurred, the appendix was ruptured and he was affected with general peritonitis. After a "rather stormy time," as stated by one of the physicians, he made a complete recovery. As already appears, he filed a claim with the department of labor and industries, which was rejected.

The sole question is whether, under the facts stated and as will be further detailed, the claimant had suffered an injury such as is contemplated by § 6604-3, Rem. & Bal. Code (P. C. § 3470), as amended by § 2,

ch. 182, p. 720 of the Laws of 1921, where the word "injury" is defined as follows:

"The words 'injury' or 'injured' as used in this act refer only to an injury resulting from some fortuitous event as distinguished from the contraction of disease." Rem. Comp. Stat., § 7675.

In *Zappala v. Industrial Insurance Commission*, 82 Wash. 314, 144 Pac. 54, L. R. A. 1916A 295, it was held that if a claimant sustained a rupture while engaged in moving a heavily loaded truck, when he exerted all his strength and gave a jerk, was a "fortuitous event" within the meaning of the workmen's compensation act, granting compensation for injuries received from "some fortuitous event as distinguished from the contraction of disease." In the present case, the trial court found that the cause of the rupture was the pressure of the blocks against a diseased appendix. In addition to the facts as above stated, there was expert testimony to the effect that the appendix was diseased at the time the claimant felt sick while at work on the night of the 11th; that the pressure of the blocks on the diseased appendix would cause its rupture, and that, judging by the conditions that existed at the time the operation was performed, the rupture had occurred from sixteen to twenty-four hours prior to that time. Two of the physicians testifying gave it as their opinion that the appendix was ruptured by the pressure of the blocks at or immediately prior to the time that the claimant first felt pain and became sick. The appellant offered the expert testimony of physicians which was not in harmony with that offered by the claimant.

In our opinion, the finding of the trial court is sustained by the evidence. It may be accepted as the law, as contended by the appellant, that there must be a definite or particular occurrence to which the injury

can be attributed. The evidence in this case meets this requirement and fixes the occurrence at the time of the first illness. Even though the appendix was diseased and in course of time would have ruptured without any external pressure, if its rupture was accelerated by such pressure, this would constitute an injury. Workmen's Compensation Acts, A Corpus Juris Treatise by Donald J. Kiser, page 65; *Madden's Case*, 222 Mass. 487, 111 N. E. 379; *Robbins v. Original Gas Engine Co.*, 191 Mich. 122, 157 N. W. 437; *Hurley v. Selden-Breck Const. Co.*, 193 Mich. 197, 159 N. W. 311.

In *Poccardi v. Public Service Commission*, 75 W. Va. 542, it was held that proof of apparent previous good health, a heavy and unusual lift in the course of work, discovery of rupture on the second day thereafter, death from surgical operation for relief thereof, and the opinion of the operating surgeon that rupture was caused by the lifting, was sufficient to establish accidental injury in the course of employment. That case is very much like this one in its controlling facts. If there be any difference, the present case fixes the particular time or occasion when the injury occurred more definitely than do the facts in that case.

The judgment will be affirmed.

PARKER, C. J., HOLCOMB, and HOVEY, JJ., concur.