[No. 18559.   Department Two.   November 14, 1924.]

RUTH CLARK, *Respondent*, v. DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

MASTER AND SERVANT (121-2)—REMEDIES UNDER WORKMEN'S COMPENSATION ACT—REVIEW—EVIDENCE—SUFFICIENCY.   Under Rem. Comp. Stat., § 7675, defining "injury" and "injured" as referring only to an injury resulting from some fortuitious event as distinguished from the contraction of disease, compensation to a workman for a disability resulting from an injury, should be allowed where it appears that appendicitis closely followed from an accidental blow on the abdomen, and the preponderance of expert evidence was to the effect that such a blow often causes the disease.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered December 11, 1923, in favor of the plaintiff, on appeal from a decision of the department of labor and industries rejecting a claim for compensation under the workmen's compensation law.   Affirmed.

*The Attorney General* and *M. H. Wight, Assistant,* for appellant.

*Roy A. Redfield,* for respondent.

HOLCOMB, J.—Respondent, an employee of the Diamond Match Company, while engaged in extra-hazardous work in its factory, was injured. Her work consisted of sorting blocks conveyed from saws. The blocks measured two inches by two and three-eighths inches, and from six to twenty inches in length. While so engaged, at about ten o'clock in the morning on June 7, 1923, one of the blocks was thrown from a saw and struck respondent on the right side of the abdomen.   Almost immediately she complained of severe pain, and suffered from nausea. The following morning her doctor determined that she was suffering

[1]Reported in 230 Pac. 133.

from acute appendicitis, which condition continued for eleven days, at which time an operation for the removal of the appendix was performed. The appendix was found to be three times normal size, and had reddened veins, showing it to be in a condition of inflammation. Her claim was presented to the department of labor and industries under the workmen's compensation act, and was by it rejected on the ground that "claimant's condition was not the result of the accident within the meaning of the compensation act." An appeal was taken from that decision to the superior court, which, after a trial without a jury, found and concluded in favor of respondent that her injury was the cause of the appendicitis, and that she was entitled to recovery. From a judgment thereupon, this appeal comes.

Appellant contends that two conditions must exist in order to allow compensation: (1) an accident must have occurred; (2) the disability must have resulted from such accident.

Section 7675, Rem. Comp. Stat. [P. C. § 3470], defines the words "injury" and "injured" as follows: "The words 'injury' and 'injured' as used in this act refer only to an injury resulting from some fortuitious event as distinguished from the contraction of disease."

Section 7679 [P. C. § 3472], provides that: "Each workman who shall be injured     .     .     .     shall receive     .     .     .     compensation in accordance with the following schedule,     .     .     ."

Appellant asserts that the simple fact that the accident occurred, followed by a disability, is not compensatable where the disability was the result of disease and the disease was not the result of, or caused by, the accident.

It is conceded that the direct cause of the disability was appendicitis. Respondent contends that the blow received was the cause of appendicitis, while appellant contends that the blow did not, and could not, produce appendicitis or be its contributing cause. Appellant further contends that the findings of the department of labor and industries is *prima facie* correct, and the conclusion reached by it must be sustained unless the evidence clearly preponderates against such conclusion; citing *Marney v. Industrial Insurance Department,* 98 Wash. 483, 167 Pac. 1085, and *Tomovich v. Department of Labor and Iudustries,* 126 Wash. 287, 218 Pac. 197.

Appellant also contends that the question involved is purely a medical one and the only testimony respondent has as to whether appendicitis was caused by or the result of the blow was that of two physicians. Four physicians, including the chief medical officer of the department, were called by appellant.

There is a direct conflict between the testimony of the doctors. Those for respondent, including the physician who treated respondent immediately after the injury and continued the treatment until after the operation, testified that appendicitis can be superinduced by trauma. Trauma means any injury to the body caused by violence; also the violence that causes it. New Standard Dictionary.

The chief medical officer of the department seemed to be very positive in his views that appendicitis does not result from accident; that nothing could change his mind on that subject.

The trial court, while properly holding that the department's decisions are entitled to great weight, and that the burden is upon the injured person to overcome the weight of the department's decision, held

with the physicians testifying for respondent that the blow caused the appendicitis.

The view of the trial court and the physicians testifying for respondent is fortified by an article in the American Medical Association Journal, of May 19, 1923, by Dr. Luddington, of New Haven, Connecticut, in which medical writers of world-wide fame were quoted to the effect that appendicitis may be, and often is, caused by a blow on the abdomen, or severe muscular strain. Dr. Osler, the famous English medical authority, was quoted to the effect that, "Trauma plays a very definite role, and in a number of cases the symptoms have followed very closely a fall or a blow." This article in itself is very logical and convincing.

On the whole, therefore, we are satisfied that the finding of the trial court reversing the department of labor and industries and in favor of respondent is well sustained by a preponderance of the satisfying evidence.

In *Shadbolt v. Department of Labor and Industries,* 121 Wash. 409, 209 Pac. 683, we held that: "Even though the appendix was diseased and in the course of time would have ruptured without any external pressure, if its rupture was accelerated by such pressure, this would constitute an injury"—within the meaning of the statute defining injury, *supra;* citing cases and authorities.

This case is very much like that, and we are convinced that respondent is entitled to recover.

The judgment of the trial court is affirmed.

Mitchell, Mackintosh, Fullerton, and Pemberton, JJ., concur.