[No. 19867.   Department One.   October 14, 1926.]

ARVID OLSON, *Respondent*, v. DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

Appeal from a judgment of the superior court for King county, Griffiths, J., entered October 10, 1925, in favor of the plaintiff, on appeal from a decision of the department of labor and industries rejecting a claim for compensation under the workmen's compensation law.   Affirmed.

*The Attorney General* and *M. H. Wight, Assistant*, for appellant.
*G. F. Vanderveer* and *S. B. Bassett*, for respondent.

ASKREN, J.—This is an appeal from a judgment of the trial court setting aside an order of the department of labor and industries which denied respondent compensation for loss of an eye.

Respondent was employed by the Day Lumber Company at Big Lake, Washington, and on June 14, while so employed received an injury as the result of a fall.   He claims that the next morning he was able to see but half an object with his right eye.   Prior to this time, respondent had stomach trouble and complained of headaches, and at the suggestion of an oculist had been wearing glasses with the hope of relieving his headaches.   After the injury, the eye continued to pain, and he went to several doctors for treatment, and in September, 1924, a Dr. Howe performed an operation upon the eye.   No relief being obtained, an operation for the removal of the eye was performed by a Dr. Swift, who found that the trouble was a detached retina, which the doctor believed and testified to be due to the fall and injury of June 14, 1923.

The department's appeal presents nothing more than a question of the determination of conflicting evidence upon which the trial court ruled in respondent's favor.   The doctors who testified for the department were of the opinion that the fall sustained by respondent was not sufficient to cause a retina to become detached, while respondent's expert testified to the contrary.   From the evidence offered by the department, its experts came to the conclusion that respondent had been the victim of the disease known as glaucoma for a long time, and that the detached retina undoubtedly came as a result of the operation of Dr. Howe, when he performed an iridectomy, the doctors saying that in such an operation there is danger of penetration which results in the detachment of the retina.

In summing up the evidence, which it is unnecessary here to detail further than we have done to show its conflict, the trial court found that there was a case of detached retina due to the fall in

[1] Reported in 249 Pac. 789.

question, and expressed its approval of the testimony offered by respondent.

While there are many facts in evidence which might lead us, as triers of the fact, to a contrary conclusion than that reached by the trial court, yet we must constantly bear in mind the advantage accorded to a trial court in seeing and hearing the witnesses.

From a careful examination of the evidence, we cannot say that the evidence preponderates against the findings of the trial court, and under our oft repeated rule the judgment must be affirmed.

Tolman, C. J., Holcomb, Bridges, and Fullerton, JJ., concur.