[No. 21510. Department Two. January 24, 1928.]

J. L. BARKHURST, *Respondent,* v. DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*[1]

*The Attorney General* and *Mark H. Wight, Assistant,* for appellant.

*G. M. Ferris* and *F. M. O'Leary,* for respondent.

MAIN, J.—This is an appeal from a judgment of the superior court, reversing an order of the joint board, which affirmed an order of the department of labor and industries, closing the claim of J. L. Barkhurst, an injured workman.

The claimant suffered an injury on or about July 28, 1924, which consisted of the mashing of the fleshy part of the left thigh. He filed a claim for compensation with the department of labor and industries, and was classified as having a temporary total disability. He was paid compensation under this classification

[1]Reported in 274 Pac. 105.

until May 12, 1926, when the claim was closed by the department.

Thereafter the claim was reopened and claimant was again classified as having a temporary total disability, and was awarded compensation therefor to June 12, 1927, at which time the claim was again closed. Thereafter a rehearing was had before the joint board, upon the application of the claimant, which resulted in the affirmance of the closing order.

From this order the claimant appealed to the superior court, and the case was there heard upon the record and files of the department of labor and industries and upon the record made upon the hearing before the joint board. The trial court reversed the order of the joint board and also the order of the department closing the claim. It is from this judgment that the department of labor and industries appeals.

At the time of the accident the respondent was suffering from a disease known as *paralysis agitans*.

The question for determination is whether his present condition of total disability is due solely to that disease or whether the disease has been aggravated and accelerated by the injury. The trial court found

". . . that at the time of said accident, plaintiff had a latent and dormant disease known as *paralysis agitans*. That said disease did not prevent him from performing full work at hard manual labor. That the said accident aggravated, accelerated and lighted up the said disease to the extent that plaintiff has been unable to perform any work at any gainful occupation since said accident, and such condition will be permanent with plaintiff throughout his lifetime. That the said aggravation, lighting up and acceleration of the said latent disease is one of the principal direct causes of plaintiff's present physical condition."

If, as found by the court, one of the principal direct causes of the respondent's present physical condition

was the aggravation and acceleration of the disease due to the injury, then he was entitled to compensation as an injured workman. *Shadbolt v. Dept. of Labor and Industries,* 121 Wash. 409, 209 Pac. 683; *Frandila v. Dept. of Labor and Industries,* 137 Wash. 530, 243 Pac. 5.

After considering the record in this case, we are of the opinion that the findings of the trial court should be sustained.

The trial court allowed to the respondent an attorney's fee in the sum of $350, and the appellant says that this is excessive. Rem. Comp. Stat., § 7697, authorizes a reasonable attorney's fee.

Under all the facts of this case, we cannot say that the trial court, in fixing the fee at $350, abused its discretion.

The judgment will be affirmed.

PARKER, FRENCH, and FULLERTON, JJ., concur.