## RICHARDS v. STATE INDUSTRIAL COMMISSION et al.

No. 20214. Opinion Filed April 15, 1930.

Frank E. Ransdell, for petitioner.

Edwin Dabney, Atty. Gen., Ralph Thompson, Asst. Atty. Gen., and Clayton B. Pierce, for respondents.

CLARK, J. This is an original action filed in this court to review an award of the State Industrial Commission, made and entered on the 12th day of February, 1929, wherein the State Industrial Commission denied compensation to petitioner, Sam H. Richards. Petitioner alleges that said award is contrary to law; that said order and award are not sustained by sufficient evidence; that the evidence does not justify the finding; that the finding of the Commission is contrary to the evidence, and that said order denying petitioner's claim for compensation was unjust, prejudicial to the rights of this petitioner, and in conflict with the Workmen's Compensation Law of the state of Oklahoma.

The alleged injury occurred on April 10, 1925. This action was pending before the Industrial Commission more than three years. Many hearings were held by the Industrial Commission, and the record contains more than 400 pages of testimony in behalf of the petitioner and respondents. It is the contention of respondents that a finding of the Industrial Commission on a question of fact, if there is any competent evidence reasonably tending to support the same, will not be disturbed by this court on review. This court has so held, and will adhere to this rule.

The record in this case discloses that claimant, petitioner herein, was in the employ of the respondent, Neil Comer, and resided at Hominy, Okla.; that he at the time of the accident was 37 years of age, weighed 184 pounds, and had been engaged for several years as a teamster and truck driver, working in the oil fields and performing heavy work. On the 10th day of April, while on the highway during a rain, he got out to crank his truck, and while cranking it he slipped and fell. He felt a severe pain in his breast—using his language, felt something tear loose. He became unconscious and lay on the ground for sometime, and when he regained consciousness he was wet. He got up and managed to get his truck started and drove some that afternoon and reached home the next day, and was immediately confined to his bed. Upon examination, the doctor found him suffering with what is known as a dilatated heart. His condition was such that at times he would become unconscious, and several of the doctors who examined him did not expect him to recover, and so far as the record in

this case discloses he is still in a critical condition.

The record further discloses that in June. 1924, some eight or nine months prior to the accident, claimant, petitioner herein, was examined for life insurance by a competent physician, who found him in perfect health. The record further discloses that prior to this time, for a period of seven years, petitioner had only been disabled or kept from his work two days on account of illness, and his physicians diagnosed that illness as a bad cold.

The record further discloses that petitioner's condition remained serious, and that in August or about four and one-half months after the injury, petitioner developed a goiter. Just what kind of goiter is in dispute among the expert witnesses who testified in this case. It is the contention of the respondent that this goiter is the cause of petitioner's disability, and not the accident. Several physicians, testifying for claimant, testified that strain would cause a dilatated heart, and that such an accident as claimant received would cause goiter to develop. No physician testifying in this case, and none of the six or eight physicians that examined the claimant immediately after the accident, contended at that time that claimant's disability was due to goiter. The goiter was discovered or developed about four months after the injury, according to the testimony of all the physicians or expert witnesses that had examined the claimant immediately after the accident. It is conceded that the claimant is disabled. The Industrial Commission, in a most elaborate finding of facts, finds that he was disabled, but finds that the accident was not a contributory cause. In denying compensation, the Industrial Commission does not find that defendant was not disabled, but finds that the disability complained of is not the result of an accidental injury sustained by claimant on April 10, 1925. There is no testimony in the record to justify the finding of the Industrial Commission that the admitted disability of the claimant was not due to the accident. It is true that later, after the accident, the claimant could contract or develop some disease or disability not due to the accident, for which he would not be entitled to compensation, but, under the record in this case, the disability of the claimant being proven by competent evidence and not disputed, the Industrial Commission was in error in denying the claimant compensation.

Dr. Arthur P. Chase, called by respond-

ent, on being asked a hypothetical question stating the history of the case and the condition of the claimant, was asked:

"Q. I will ask you to state your opinion as to whether or not the condition of hyperthyroidism or thyro toxic goiter, as you found and as existed in this man, was caused by the cranking, caused by exertion or caused by the cranking of the truck? A. I don't think that the mere fact of cranking the truck, fatigue, both mental and physical, would,—was sufficient, to bring on the toxic goiter, but I do think those exercises were contributory in bringing the thing to a focus." (O.-M. 268.)

This testimony clearly supports the contention of claimant that the accident was a contributing cause of the disability.

Dr. C. J. Fishman, called by respondents, testified as follows:

"Q. Doctor, the evidence has been introduced here which shows that this claimant was examined for life insurance in July, 1924, and the accident occurred April 10, 1925, and if it further shows that at the time his heart was normal and blood pressure normal; at the time of the alleged accident he hadn't reduced in weight any, do you consider those facts in arriving in—in arriving at your conclusion just now? A. I don't know. * * * Q. But, as a matter of fact, the heart was perfectly normal at that time, and if he hadn't had any heart trouble and his pulse was normal at that time and on April 10, 1925, he hadn't lost any weight, would you say it was your opinion at that time he had a goiter? A. No, I couldn't say." (O.-M. 363.)

The evidence of this expert witness was negative in character and failed to prove, or even indicate, that the disability suffered by claimant immediately after the accident was due to a goiter or any other disease.

Dr. Fred A. Glass was called by respondent and testified:

"Q. A man can have heart strain, can't he? A. Just what do you mean by heart strain? Q. Something that causes the heart to dilatate? A. Yes, a heavy meal frequently will cause the heart to dilatate. Q. Do you believe, Doctor, if his condition was as I have stated on April 10, 1925, and that while cranking this truck he did fall down and become unconscious, do you think he would have had this unconsciousness come on him at that time if he hadn't been working cranking this truck? A. Not if he became unconscious. That probably caused it, but I don't recall him telling me he did become unconscious." (C.-M. 398.)

The testimony of this expert witness was evasive and of very little value.

Dr. C. Von Wedel, Dr. R. M. Howard, Dr.

Horace Reed, Dr. Antonio D. Young, and Dr. Ralph E. Meyers testified at length as expert witnesses for respondents. The testimony of these experts, considered as a whole, admitted the disability, but contended that it was due to goiter and not to strain, or accident, but nowhere do they testify that the goiter had developed at the time of the strain or accident. As the record in this case discloses, it was some four and one-half months after the alleged accident before the goiter made its appearance or before it was determined by any of the physicians who personally examined the claimant that he had a goiter. All the testimony admits that if the claimant had a goiter at the time of the strain, the strain was the contributing cause of the disability, and was a contributing cause to his breakdown.

Dr. Horace Reed never examined the plaintiff, but testified for the insurance carrier to the effect that the accident would not cause goiter four months later.

" * * * He undoubtedly did have a strained heart muscle which caused him to fall back and become unconscious." (C.-M. 300.)

At page 306 of the record, the doctor testified as follows:

"Q. Doctor, you can have dilatation of the heart from overexertion or strain, such as cranking a truck, can't you? A. Yes, particularly if he has an already weakened heart from any cause and if he— Q. Doctor, if he had a weakened heart from any other cause, any overexertion or strain would accelerate it, wouldn't it? A. I said it would accelerate goiter if he had it."

Dr. Young was asked this question:

"Q. If he hadn't lost weight up until the time of the accident, you wouldn't say he had goiter before that time, would you? A. No. I wouldn't know." (C.-M. 326.)

In Shadbolt v. Dept. of Labor and Industries, 121 Wash. 409, 209 Pac. 683, the court said:

"* * * It may be accepted as the law, as contended by the appellant, that there must be a definite or particular occurrence to which the injury can be attributed. The evidence in this case meets this requirement and fixes the occurrence at the time of the first illness. Even though the appendix was diseased and in course of time would have ruptured without any external pressure, if its rupture was accelerated by such pressure, this would constitute an injury."

See, also, Clark v. Dept. of Labor and Industries, 131 Wash. 256, 230 Pac. 133.

Whether the claimant in this cause had any latent disease or weakening of the heart muscles prior to the accident is immaterial. If the strain produced by cranking of the truck caused the accident, the fact that the heart muscles may have been weak or that the man may have been a man of less physical strength has no effect. Nevertheless, the strain or injury produced by the accident is an injury sustained by the claimant. Should this court hold that the fact that the injured claimant or any injured claimant with a broken arm—that the bone was not as large as the average bone, or it was not as strong as it should be, would preclude compensation? Then no claimant, except those physically perfect, would be entitled to compensation under the law.

A careful reading of the record in this case discloses that on and prior to April 10, 1925, claimant herein, Sam Richards, was in the employ of Neil Comer, respondent, and engaged in a hazardous occupation, covered by and subject to the provisions of the Workmen's Compensation Law; that on April 10, 1925, he sustained an accidental personal injury, arising out of and in the course of his employment, and certain accidental personal injuries resulting in the claimant being totally disabled. There is no testimony in the record to support the finding of the Industrial Commission that the disability was caused by disease and not by the accident, for the reason the record is clear that up to the date of the accident the claimant was a strong, able-bodied man and able to perform the heaviest kind of manual labor, and the contention of the respondent that goiter was the cause of claimant's disability is without support in the testimony, for the reason that a goiter did not develop until four and one-half months after the injury. And there is no testimony that during this period of time the disability of claimant was attributed to any other cause than the accident. It may be that the accident was not the cause of claimant's continued disability. This is a question of fact to be determined by the Industrial Commission.

The cause is therefore reversed, with directions to the State Industrial Commission to set aside the order and award, and to award the claimant such compensation as, in the judgment of the State Industrial Commission, claimant herein should be entitled; the same being not less than four and one-half months subsequent to the accident, and for such further time as, in the judgment of the State Industrial Commission,

the disability of claimant is due to the accident.

LESTER, V. C. J., and HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur. RILEY, J., dissents. MASON, C. J., and HUNT, J., absent.

Note.—See under (1) anno. L. R. A. 1917D, 130; L. R. A. 1918F 868; (2) anno. 19 A. L. R. 107; 28 R. C. L. p. 817; 4 R. C. L. Supp. p. 1865; 5 R. C. L. Supp. p. 1577. (3) anno. 30 A. L. R. 1277; 28 R. C. L. p. 829; 4 R. C. L. Supp. p. 1872; 5 R. C. L. Supp. p. 1581; 7 R. C. L. Supp. p. 1011. See Workmen's Compensation Acts—C. J. §58, p. 69, n. 47, 49; §85, p. 95, n. 7; §127, p. 122, n. 40.