[No. 25846. Department Two. December 9, 1935.]

MARY PERRY, as *Administratrix, Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*[1]

*L. J. Gemmill,* for appellant.

*The Attorney General* and *J. A. Kavaney, Assistant,* for respondent.

MAIN, J.—This is an appeal from a judgment of the superior court sustaining the department of labor and industries in rejecting a claim.

[1]Reported in 52 P. (2d) 324.

January 22, 1934, Fred H. Perry filed with the department a claim wherein he said that, on August 18, 1933, he suffered an accident in which he struck his back and head on an iron door while working on the killing floor in a meat packing house, in Wenatchee, in this state, and that, as a result thereof, he had lost the sight of his right eye. The supervisor of industrial insurance, February 9, 1934, rejected the claim, for the reason that there was no proof of injury in the course of the employment, and that the claimant's condition was not the result of the accident, if there was one.

Thereafter, the claimant appealed to the joint board, and on June 12, 1934, a hearing was had in the city of Wenatchee, at which evidence was presented. Subsequently, the claimant having died, Mary Perry was appointed administratrix of his estate and substituted in the action. The joint board, on January 7, 1935, sustained the action of the supervisor in rejecting the claim, and an appeal was taken to the superior court, with the result indicated.

For the purpose of this decision, we shall assume that there was an accident and consider only the question of whether, if there was an accident, the loss of the eye was due to it. It seems to be undisputed that the loss of the eye was due to what is called glaucoma. The question of whether the loss of the eye was due to the accident or to the disease presents a question of fact.

Upon the hearing at Wenatchee, two doctors, both of whom were eye, ear and nose specialists, testified. One said that the loss of the eye was due to an acute inflammatory glaucoma, the other that it was due to the accident. The latter did not see the claimant until five months after the accident. The one testifying that the condition was due to an acute glaucoma saw him either the evening of the day of the accident or within

a few days thereafter. In addition to this, the claimant was examined by an eye, ear and nose specialist in the city of Seattle, who, in his report to the department, stated that the accident could not have been the cause of the loss of the eye.

It thus appears that the expert testimony is in conflict. The evidence upon other material facts is also in conflict. Giving consideration to the evidence, the superior court, as well as the joint board, was of the view that the claimant, under the evidence, had not made a *prima facie* case. After reading and considering all the evidence, as it appears in the record, we are of the opinion that the loss of the eye of the claimant was not due to the accident, but was due to disease. It would serve no useful purpose in this opinion to review in detail the testimony of the respective witnesses. The burden was upon the claimant to make out a *prima facie* case (*Zoff v. Department of Labor & Industries,* 174 Wash. 585, 25 P. (2d) 972); but the claimant not only failed to make out such a case, but the preponderance of the evidence is the other way.

There is nothing in the case of *Olson v. Department of Labor & Industries,* 140 Wash. 703, 249 Pac. 789, which calls for a different holding. That case, as does the one here, presented a question of fact. Upon the facts there presented, the trial court sustained the claim, and, upon appeal, the judgment was affirmed. The case now before us must turn upon the evidence as it appears in its record.

There is no evidence from which it could be concluded that the rule of the cases of *Shadbolt v. Department of Labor & Industries,* 121 Wash. 409, 209 Pac. 683, and *Barkhurst v. Department of Labor & Industries,* 150 Wash. 551, 274 Pac. 105, is here applicable.

The judgment will be affirmed.

TOLMAN, BEALS, BLAKE, and HOLCOMB, JJ., concur.