ORDER OF UNITED COMMERCIAL TRAVELERS OF AMERICA v. GROVES.

No. 9897.

Circuit Court of Appeals, Ninth Circuit.

Sept. 21, 1942.

864

Skeel, McKelvy, Henke, Evenson & Uhlmann, and Frederick V. Betts, all of Seattle, Wash., for appellant.

John J. Sullivan, Carl Pruzan, and Lucas C. Kells, all of Seattle, Wash., for appellee.

Before GARRECHT, HANEY and HEALY, Circuit Judges.

HANEY, Circuit Judge.

Appellant seeks reversal of a judgment rendered against it in an action brought by appellee as the beneficiary of an accident insurance policy in which appellee's husband, the deceased, was the named insured.

The policy in question made as a part of the contract of insurance, appellant's constitution and by-laws and the certificate. The certificate provided that the insured was indemnified

"against the results of bodily injury hereinafter mentioned affected through external, violent and accidental means, herein termed the accident, which shall be occasioned by the said accident alone and independent of all other causes * * *

"Nor shall benefits * * * be payable unless external, violent and accidental means, producing bodily injury, is the proximate, sole and only cause of the death, disability or loss."

Appellant's constitution in Art. IV, Sec. 4, contained a provision substantially identical to the first one quoted from the certificate. Art. IV, Sec. 9 provided:

·"Nor shall benefits be payable * * * where the death * * * was contributed by disease in any degree. Nor shall benefits * * * be payable nor extend to any cause of death or loss of time unless the claimant under the certificate establishes, by direct and positive proof, that said death or loss of time was caused by external violent and accidental means".

The complaint alleged that deceased sustained bodily injuries on July 7, 1937, which were effected through external, violent and accidental means, and which were the proximate, sole and only cause of the death of deceased. The answer denied that allegation, and as an affirmative defense that "the proximate and sole cause of the death * * * was coronary occlusion, hypertrophy and dilation of the heart, and in any event was due to causes other than external, violent and accidental means". The jury returned a verdict for appellee, upon which judgment was rendered, and from which this appeal was taken.

The only witness of the accident was appellee who testified that appellee arose about 7:30 a. m. on July 7, 1937; that shortly after nine o'clock, deceased, who was then on a ladder, started to descend; that he was holding the ladder with his left hand and reaching downward with his right hand to get a bucket of paint being held upward by appellee; that he was talking all the time coming down the ladder; that he leaned too far, his foot slipped, he lost his balance and fell to the ground; that he never regained consciousness, although he was breathing heavily when he lay upon the ground.

There was medical testimony, undisputed, that deceased's heart was about 20% over normal in size, and that he had hardening of the arteries, although he had had a physical examination about a month prior to his death which disclosed, insofar as the doctor could tell, a normal heart condition. Other medical testimony was in conflict. The cause of the death was a blood clot, coronary occlusion, stopping the flow of blood to one side of the heart. Some medical testimony supported the theory that the shock

of the fall caused the blood clot, and other medical testimony supported the theory that the blood clot caused the fall.

Appellant contends that the evidence affirmatively shows that disease contributed to the death, and therefore, accident could not have been the sole cause of the death.

Dr. Merrick testified for appellee that while the openings in the arteries were not so large as a normal condition, there was "opening enough for plenty of blood to go through"; that in his opinion the blood clot was the sole cause of the death; and that a man could live with that "faulty artery condition". He further testified as follows on cross examination:

"Q. Even if you assumed that this accident had something to do with his death, wouldn't you also say that the condition of his heart and arteries was also a cause of his death?

"A. Well, certainly I would say that. I would say that if he had been a normal man and hadn't had these conditions of the arteries he might have survived, of course. That is very true, but with that condition there and then falling off the ladder and the shock of falling off the ladder on top of this condition pre-existing and—"

From this, it is urged by appellant that arteriosclerosis contributed to the death. There was no evidence more favorable to appellee than that quoted.

It is conceded that the law of Washington is controlling. Of the Washington cases cited,[1] two are closely analogous.

■ In Pierce v. Pacific Mut. Life Ins. Co. of California, 7 Wash.2d 151, 109 P.2d 322, the insured was afflicted with arteriosclerosis, and as result of a shock, he suffered a cerebral hemorrhage resulting in a blood clot which produced paralysis. In Graham v. Police & Firemen's Ins. Ass'n, 10 Wash.2d 288, 116 P.2d 352, the deceased was afflicted with angina pectoris, fell down some steps and 10 days later died of coronary thrombosis. In both cases recovery was allowed on the theory shown in the quotation from Driskell v. United States Health & Accident Ins. Co., 117 Mo.App. 362, 93 S.W. 880, 882, contained in both cases:

"* * * if, under the peculiar temperament or condition of health of an individual upon whom it is inflicted, such injury appears as the active, efficient cause that sets in motion agencies that result in death, without the intervention of any other independent force, then it should be regarded as the sole and proximate cause of death. The fact that the physical infirmity of the victim may be a necessary condition to the result does not deprive the injury of its distinction as the sole producing cause. In such case, disease and low vitality do not rise to the dignity of concurring causes, but, in having deprived nature of her normal power of resistance to attack, appear rather as the passive allies of the agencies set in motion by the injury".

Here the jury could and did believe that the shock of the fall caused the clot, and the fact that the arteriosclerosis made deceased less immune to that catastrophe does not prevent recovery.

■ Appellant attempts to distinguish these cases on their facts, but they are much more in point than the other Washington cases cited, and the principle applied in the two cases discussed also applies here. A distinction in the terms of the policies is also urged. It is said that while the provisions in the policies in all three cases are substantially alike in requiring accident to be the sole cause of death, the policy involved here provides that no recovery may be had where the death was contributed to by disease in any degree. We think that the above quotation shows that the deceased's condition did not "contribute" to the death, as that word is used in the policy, but was, rather, a "passive" ally.

Affirmed.

---

[1] Rorabaugh v. Great Eastern Cas. Co., 117 Wash. 7, 12, 200 P. 587; Lavender v. Continental Life Ins. Co., 143 Wash. 201, 253 P. 595; Hanley v. Occidental Life Insurance Co., 164 Wash. 320, 2 P. 2d 636; Kearney v. Washington National Ins. Co., 184 Wash. 579, 52 P.2d 903; Perry v. Department of Labor and Industries, 184 Wash. 576, 52 P.2d 324; Hill v. Great Northern Life Ins. Co., 186 Wash. 167, 57 P.2d 405; Kane v. Order of United Commercial Travelers, 3 Wash. 2d 355, 100 P.2d 1036.