**RAILWAY MAIL ASS'N v. BABBITT.**

No. 11311.

Circuit Court of Appeals, Ninth Circuit.

March 12, 1947.

———◆———

Catlett, Hartman, Jarvis & Williams and James G. Mulroy, all of Seattle, Wash., for appellant.

Lundin & Barto and Anthony Savage, all of Seattle, Wash., for appellee.

Before GARRECHT, HEALY, and BONE, Circuit Judges.

HEALY, Circuit Judge.

Appellee sued as beneficiary of an accident insurance policy issued to her husband in 1924, and allegedly maturing by reason of the husband's death in 1943. The appeal is from a judgment for the beneficiary entered on the verdict of a jury.

The face amount of the insurance certificate was payable in the event the insured member should suffer death through external, violent and accidental means while the certificate remained in force. There was to be no liability if disease, defect or bodily injury was a contributing cause of death. Death within the intendment of the certificate was pleaded. The defendant by answer or in the course of the trial admitted the issuance of the certificate, the regular payment of all dues and assessments, and that as of the date of the insured's death the certificate was in force and effect. An affirmative defense pleaded and relied on was that disease or bodily infirmity was a contributing cause.

The insured, who was a railway mail clerk, had since 1928 been retired from the service because of multiple sclerosis. Evidence was introduced on appellee's behalf

to the effect that the insured suffered an accidental fall when a loose corner of a small scatter rug upon which he was standing slipped from under his feet as he twisted his body in the act of dressing; that the accidental fall caused a fracture of the left femur; that a fat embolus was thrown into the blood stream from the fractured bone; that the embolus was circulated to the lungs and brain and so caused death; and that neither disease nor bodily defect was a contributing cause. Appellant, on the other hand, sought to prove that disease or bodily defect, multiple sclerosis or arteriosclerosis, contributed.

 There was substantial evidence to support the jury's finding of death by purely accidental cause. It is claimed, however, that there can be no recovery on the policy unless the insured was free from bodily defect or disease at the time of death. The controlling state law (Washington) is to the contrary, as this court pointed out in Order of United Commercial Travelers v. Groves, 9 Cir., 130 F.2d 863. It is argued that the insured was not a member of the appellant association at the time of the accident within the intendment of its constitution and by-laws, because he had retired from the railway mail service. No issue of this sort was interposed below. On the contrary it was conceded at the trial that the retirement of the insured, with the knowledge of the insurer, did not operate automatically to sever the insured from his membership rights under the contract; and as already noted it was admitted that the policy was in force at the time of death. Another claim is that certain hospital records, introduced on behalf of the plaintiff, were incompetent under Washington law. We think otherwise. The local rule, announced in Murgatroyd v. Dudley, 184 Wash. 222, 50 P.2d 1025, is that hospital records kept, as here, in the ordinary course of the hospital's business, come within the exception to the hearsay rule and are admissible.

A photograph of the insured, taken in 1932, was received in evidence over appellant's objection that it was irrelevant. The trial judge thought the picture relevant if not too remote in time, and he ad-

mitted it on the showing that it was taken some four years after the insured's retirement from the service and at a time when he was suffering from the malady claimed to have been a contributing cause of his death. We are not persuaded that the ruling was error. There was medical testimony that the insured at the time of his death had the appearance of a well nourished man, and the photograph tended in a measure to show that. True it was remote and obviously it had no great evidentiary value, but these considerations affect its weight, not its admissibility. The jury were in possession of all the facts bearing upon the weight, if any, of the exhibit, and there is no reason to believe that they were misled by it.

Other points are raised, but they are too lacking in merit to justify discussion.

Affirmed.