The EAGLE–PICHER COMPANY, Petitioner,

v.

Tom SNYDER and the State Industrial Commission of the State of Oklahoma, Respondents.

No. 37573.

Supreme Court of Oklahoma.

May 21, 1957.

A. C. Wallace, John R. Wallace, Ben T. Owens, Miami, for petitioner.

Bailey & Pitchford, Okmulgee, Mac Q. Williamson, Atty. Gen., for respondents.

JACKSON, Justice.

On July 21, 1955, Tom Snyder, hereinafter called claimant, filed his first notice of injury and claim for compensation with The State Industrial Commission of the State of Oklahoma stating that while employed by Eagle-Picher Company he sustained an accidental personal injury (later determined to be a heart attack) arising out of and in the course of employment on June 23, 1955. The trial judge entered an award for total temporary disability not to exceed 300 weeks under the provisions of the Workmen's Compensation Law, 85 O.S.1951 § 1 et seq. The order of the trial judge was approved and adopted by the commission, sitting en banc, and petitioner brings this action to review the award.

Petitioner contends that the award of the Commission is erroneous for the reason that there was no competent evidence reasonably tending to establish that claimant sustained an accidental injury arising out of and in the course of his employment, and no competent evidence reasonably tending to prove that claimant's alleged injuries were caused by or connected with an accidental injury.

Claimant was forty-four years of age at the time of the alleged injury and had been working for petitioner eight or nine years. So far as known he had not previously had trouble with his heart. His duties were manual labor and by reason of his seniority he was privileged in a limited degree to select his choice of assignments. Sometimes he drove a truck or ran the coal elevators. At other times he was fixing tracks, or handling metals, and at other times he used a pick and shovel.

On June 23, 1955, the day of the alleged injury, claimant's first assignment was banding metal. That is, he was banding zinc ingots together in preparation for shipment. Thereafter he was called upon to load a semi-trailer or truck with these ingots and during this activity he testifies that he became very hot and "a hurting" started in his chest. He became so weak he could hardly stand up. He was hospitalized for ten days and treated for a heart condition. He returned to work about July 12, 1955.

One month after the first attack (July 22, 1955) claimant was using a wheelbarrow in "wheeling concentrate" at the Blue Powder Mill which is behind and near the furnaces. Claimant describes it as being "awful hot" and complains in his testimony of blow out smoke and "stuff" coming from the furnaces. Again he felt the hurting in his chest and almost lost consciousness. He remained in the hospital again for about ten days and was treated for another heart attack. He returned to work late in October, 1955.

After returning to work late in October claimant would not accept the more strenuous assignments and if the work became too hard claimant would return home. On February 20, 1956, claimant was sweeping out the bath house where it was hot and

stuffy and suffered another heart attack. He was returned to the hospital for about nine days, and has not returned to work since that time.

Dr. O testified that in his opinion claimant is suffering from angina pectoris, or angina of exercise, due to coronary arteriosclerosis. He further testified that claimant suffers from coronary insufficiency and that his episodes, or attacks, are precipitated by physical exertion.

Dr. M was of the opinion that "claimant is totally disabled due to the fact that each time claimant has resumed his employment he has had an attack of angina pectoris which will cause him to lose his life if he continues to work."

Dr. T was called upon by the trial judge to make an examination of claimant and to submit his report. In this report Dr. T concludes that claimant has arteriosclerotic heart disease with coronary artery thrombosis and occlusion, and that a moderately severe degree of myocardian insufficiency manifested by angina is present. He believes that this degree of disease could not be present unless coronary occlusion had taken place. He recommends that claimant be restricted from doing any manual type of labor.

In petitioner's brief it is stated that in a long line of cases this court has held that a heart attack produced and brought about by an accidental injury can be the basis of an award for compensation. But in every such case, it is asserted, the record has disclosed evidence establishing some unusual, or unaccustomed strain, or exertion which, in the opinion of the medical witnesses, precipitated the heart attack, citing Carden Mining & Milling Co. v. Yost, 193 Okl. 423, 144 P.2d 969, and State Highway Department v. Powell, Okl., 258 P.2d 1189. This argument raises the question of whether in this case there is any unusual or unaccustomed strain or exertion which, in the opinion of the medical witnesses, precipitated the heart attack.

The evidence in this case shows that claimant was subject to numerous assignments of labor; some more arduous than others. Under the evidence in this case it cannot be said that claimant was routinely accustomed to loading zinc. We are of the opinion that the Commission concluded that lifting zinc ingots into a truck would be more arduous than most of his other assignments. If this conclusion is sound then it must be recognized that the evidence establishes an unusual or unaccustomed strain. Dr. O, after reviewing the medical history in this case, testified that claimant's heart attacks are precipitated by physical exertion. Dr. M is of the opinion that claimant will lose his life if he continues to work, and Dr. T recommends that claimant be restricted from doing any manual type of labor. Obviously these doctors are of the opinion that claimant's performance of the unaccustomed labor, as described herein, was the proximate cause of claimant's heart attacks. In the fourth paragraph of the syllabus in Merrill v. State Industrial Commission, Okl., 290 P.2d 1095, it is held:

"A heart attack caused or precipitated by unusual strain or exertion immediately preceding the attack is compensable under the Workmen's Compensation Act."

On fact questions we are bound by the decisions of the State Industrial Commission. In 85 O.S.1951 § 26, it is provided:

"* * * The decision of the Commission shall be final as to all questions of fact * * *."

In Merrill v. State Industrial Commission, supra, in the third paragraph of the syllabus it is held:

"Findings of fact made by the State Industrial Commission are conclusive and binding upon this court, where there is any competent evidence reasonably tending to support such findings."

There being evidence of unaccustomed strain which, according to the medical testimony precipitated the heart attack, we are bound by the decision of the Commission.

Award sustained.