**Pete WIEDERKEHR, Petitioner,**

**v.**

**CHAMBLESS–ROSEN DRILLING COMPANY, Standard Insurance Company and the State Industrial Court of the State of Oklahoma, Respondents.**

**No. 39227.**

Supreme Court of Oklahoma.

March 14, 1961.

Farmer & Kerr, Oklahoma City, for petitioner.

Fenton, Fenton, Smith & McCaleb, A. L. Voth, E. B. Lee, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

JACKSON, Justice.

Pete Wiederkehr, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that while employed by Chambless-Rosen Drilling Company he sustained an accidental injury arising out of his employment on September 15, 1956. After a hearing the trial judge denied an award and on appeal to the State Industrial Court en banc the order was affirmed. This proceeding is brought by claimant against the employer and its insurance carrier, Standard Insurance Company, hereinafter called respondents, to review the order denying the award.

The record discloses that claimant, fifty-two years of age at the date of the claimed injury, was employed as a tool pusher for employer. On the date in question he went to a pump approximately one mile from where employer was drilling a well to start the pump to obtain water for drilling purposes. A younger employee attempted to start the pump and when he was unable to start the pump claimant jerked three times

on a starting apparatus and on the third jerk felt a severe pain in his chest and arm. He drove his automobile back to the drilling location and then was helped to a trailer house. He was attended by a local physician and was taken in an ambulance to a hospital in Perry, Oklahoma. He was examined a number of times and treated by Dr. H of Oklahoma City. He remained in the hospital thirty-eight days and then was sent to his home.

It is the testimony of two physicians for claimant that he has a heart condition which renders him totally and permanently disabled and that this disability is due to myocardial infarction caused by the accidental injury of September 15, 1956. On the other hand there is competent medical evidence given by Dr. T for the respondents that the claimant's disability is not due to the accidental injury of September 15, 1956.

■ The sole issue presented by claimant is the alleged error in refusing to enter an award. Claimant cities, Eagle-Picher Co. v. Snyder et al., Okl., 311 P.2d 816; Sinclair Oil and Gas Co. v. Cheatwood et al., Okl., 350 P.2d 944; Boettcher Oil & Gas Co. et al. v. Lamb et al., 208 Okl. 192, 255 P. 2d 277; Carden Mining & Milling Co. v. Yost et al., 193 Okl. 423, 144 P.2d 969. In each of those cases it was held there was competent evidence reasonably tending to support the finding of an accidental injury resulting in a heart ailment. The rule to be applied has been many times stated by this court. In J. J. Harrison Const. Co. et al. v. Mitchell et al., 170 Okl. 364, 40 P. 2d 643, 644, it is stated:

"It is the settled rule that, where the injuries complained of are of such a character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science and must necessarily be determined by the testimony of skilled and professional persons."

To the same effect see, Oklahoma Hospital v. Brown, 87 Okl. 46, 208 P. 785; James I. Barnes Const. Co. et al. v. Hargrove et al., 167 Okl. 348, 29 P.2d 573; City of Kingfisher et al. v. Jenkins et al., 168 Okl. 624, 33 P.2d 1094.

■ In Kemp v. Chickasha Plumbing Co. et al., Okl., 338 P.2d 1107, 1108, in sustaining an order denying an award in a claimed disability due to a heart condition the court stated:

"Findings of fact made by the State Industrial Commission are conclusive and binding upon this court, where there is any competent evidence reasonably tending to support such finding."

In Lacy v. Pratt Food Stores et al., Okl., 347 P.2d 788, 789, in sustaining an order denying an award it is stated:

"Claimant first argues there is no competent evidence reasonably tending to support the finding of the State Industrial Commission and the order based thereon denying an award. Claimant cited Terminal Oil Mill Co. v. Younger, 188 Okl. 316, 108 P.2d 542; Richards v. State Industrial Commission, 143 Okl. 29, 287 P. 69, and related cases. In all of these cases, with the exception of Richards v. State Industrial Commission, supra, the question presented and determined in each case was that there was sufficient evidence to support the award for claimant. We hold the issue presented was one of fact arising on the conflict of the evidence. A similar situation was presented in Skaggs v. M. & W. Mining Co., 195 Okl. 423, 158 P.2d 722, 723. Therein it is stated:

"'* * * Petitioner relies upon the rule that where there is sufficient evidence to support an award it will be sustained. As stated in Kemp v. Comar Oil Co., 185 Okl. 527, 94 P.2d 882, obviously such a rule has no applications to situations where the fact has been resolved against the claimant as in the case at bar. * * *.'"

See, also, Price v. Spartan Aircraft Co. et al., Okl., 275 P.2d 705, and cases therein cited.

There is competent evidence reasonably tending to support the finding of the State Industrial Court that the disability of claimant is not due to any accidental injury arising out of and in the course of the employment.

The order denying the award is sustained.