## AMERADA PETROLEUM CORP. v. COOK et al.

No. 21733.   Opinion Filed Oct. 6, 1931.

Clayton B. Pierce, for petitioner.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

CLARK, V. C. J. This is an original action in this court by petitioner, Amerada Petroleum Corporation, to review an award of the State Industrial Commission made and entered on the 22nd day of August, 1930, wherein the State Industrial Commission awarded E. J. Cook compensation for temporary total disability for a period of 30 weeks at the rate of $17.31 per week and a further award of 10 per cent. permanent partial disability to his knee, by breaking two bones in the knee, for which he is awarded 17 weeks and three days at the rate of $17.21 per week.

Petitioner contends "The award is not reasonably supported by competent evidence."

The record discloses that respondent was rolling a joint of casing which was held in check by means of a rope; that the casing rolled pretty fast, jerked claimant in such a manner that he stepped on a stump, wrenching and spraining his knee, which caused the disability complained of. This occurred on October 27, 1929. This testimony of claimant was corroborated by a fellow workman who did not see the accident, but saw respondent Cook immediately thereafter.

Dr. Hubbard testified that he had examined respondent Cook, and that in his opinion there is at least 60 per cent. disability to that leg, because of the knee condition.

We think the evidence sufficient to support the award.

The record further discloses that respondent had a prior injury to his hip and knee which occurred in September, 1927, and that respondent received compensation for 50 per cent. of the loss of the use of the leg, and it is the contention of petitioners that by reason of the prior injury the respondent cannot recover. There is a conflict in the testimony on the question of whether or not the entire disability was due to the prior injury or to the subsequent injury.

The evidence disclosed that respondent,

immediately prior to the time of the recent accident, had been working for petitioner herein during the months of September and October without difficulty, and that he had been unable to work since the time of the accident on October 27, 1929; that he had worked for different firms prior to the recent injury and had no trouble with his knee.

Subdivision 6 of section 7290, C. O. S. 1921, provides:

"The fact that an employee has suffered previous disability or received compensation therefor shall not preclude him from the compensation for a later injury, but in determining compensation for the later injury his average weekly wages shall be such sum as will reasonably represent his earning capacity at the time of the later injury."

This court, in construing this section of the statute in Constantin Refining Co. v. Crockett, 87 Okla. 24, 208 P. 788, in the first paragraph of the syllabus, said:

"Under subdivision 6 of sec. 6, art. 2, Session Laws of 1915, c. 246, known as the 'Workmen's Compensation Law," the State Industrial Commission is authorized to award compensation to an injured employee for injuries arising under the provisions of the Workmen's Compensation Law, limited only by the maximum amount provided in the schedule of the act, regardless of the fact that the employee had been awarded compensation for a previous disability, which had been commuted to a lump sum and paid by the employer; and this is true where the employer was the same person at the time both injuries were received by the employee. Held, that the Industrial Commission did not err in the instant case in refusing to credit the award by the amount paid by the employer as compensation to the employee for a previous disability."

Also see Sanders v. Rock Island Coal Mining Co., 138 Okla. 45, 280 P. 290.

It is next contended by petitioner: "The cause and extent of the injury is a question of science and must be proved by the testimony of skilled professional persons." With this contention we cannot agree. The cause of the injury in many cases may be proved by any person who has the knowledge of such facts. The extent of the injury in some cases is a question of science and must be proved by the testimony of skilled professional persons; however, this rule does not apply to all cases. The extent of many injuries can be determined without the testimony of skilled professional persons; however, in the case at bar, the extent of the injury, the temporary total disability, and the permanent partial disability were proved by skilled and professional persons, to wit,

qualified doctors who testified that the claimant has lost 60 per cent. of the use of his leg.

The question as to the cause of the injury and extent thereof was a question of fact which was determined by the Industrial Commission, and there is competent evidence supporting such finding and award.

Judgment and award is affirmed.

LESTER, C. J., and HEFNER, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CULLISON, J., not participating. SWINDALL, J., absent. RILEY, J., concurs in conclusion.