## EAGLE-PICHER LEAD CO. v. BLACK et al.

No. 24117. Opinion Filed May 16, 1933.

Rehearing Denied June 6, 1933.

John Campbell and A. C. Wallace, for petitioner.

Anton Koch, for respondent.

BAYLESS, J. Alston Black, hereinafter called the claimant, sustained an accidental injury in the course of a hazardous employment while employed by Eagle-Picher Lead Company, hereinafter called employer, on May 12, 1928. As a result of this accidental injury, claimant lost a few days

from work, received medical attention, was paid compensation, and returned to work May 28, 1928.

April 28, 1932, claimant filed a motion to reopen the case to determine the extent of disability on the ground of change of condition. The matter was heard, and an award made for additional compensation upon the finding of a change of condition. The employer, carrying its own risk, appealed.

The second contention of the employer, that the Commission was without authority to reopen the matter after it had been closed for one year, when no separate claim for compensation had been filed by the injured employee, must be overruled upon the authority of Steffens Ice Cream Co. v. Jarvis, 132 Okla. 300, 270 P. 1103, and numerous other cases, establishing and upholding the continuing jurisdiction of the Commission. Argument as to the unfairness to the employer, and prejudice resulting to it from claims filed after great lapses of time, are matters of legislative cognizance, and we cannot weigh the discretion of the Legislature in that respect.

The first contention is that there is no competent evidence to support the finding of a change of condition. The evidence in this case shows: That claimant is a man of slight physical build, who was operated upon for appendicitis while serving in the army, who was discharged with a disability resulting therefrom, and who is receiving disability pay from the United States government; that about 1923, he was operated upon and a gall bladder removed; that he suffered from abdominal adhesions, resulting from these operations, which occasionally so pained him it was necessary to administer morphine and give purgatives; that he had worked off and on for this employer for several years up to the time of the injury; that the accident occurred as he was wheeling a wheelbarrow, when he stepped into a hole and fell upon a pile of bricks, injuring his back. He was given medical attention and released as fit for work. The claimant testified that he was not able to work when he returned to work after the accident, and that he had not been able to work and had not worked, except driving a huckster wagon, for about a month and a half since. He further testified that his back hurt him continuously, and that his condition has gradually grown worse. Dr. Simpson testified that he examined claimant in 1932, some time prior to and again about the date of the hearing; that he knew nothing of the injury or the claimant's condition in 1928, or at any time before his examinations; that claimant was at present either totally and permanently disabled, or permanently partially disabled to the extent of 75 per cent.; that claimant was at present suffering from pyelitis and nephritis; that these diseases were attributable to the original injury for two reasons: (1) That they could result from a trauma, superimposed upon an infection; and (2) claimant's statements to him that there was blood in his urine within a few hours after the injury and thereafter for about five days.

Dr. Boswell testified that he had known and treated claimant for years, described his physical condition as hereinbefore outlined, examined claimant the day of the injury, found no objective evidence of the fall or blow to the side; that claimant was now suffering from pyelitis and nephritis; that they could be caused by a trauma connected with an infection; that claimant's pyelitis and nephritis were worse now than they had been, and he felt claimant was as able to work now as he had ever been. Dr. Boswell's testimony is clear that he had not considered claimant an able-bodied man for years. No witness testified to an infection to the kidney to be affected by a trauma, nor did anyone testify at this hearing that claimant had blood in his urine at or after the time of the injury. Dr. Boswell testified that he saw no evidence of it when treating claimant at the time of the injury.

We have said in Williams Bros. v. State Ind. Com., 158 Okla. 171, 12 P. (2d) 896:

"1. On a motion to reopen on the ground of a change of condition, the burden is on the claimant to prove, first, the change of condition, and, second, that the change of condition was the result of an original compensable injury.

"2. When, in an action for personal injury, the injury complained of is of such a character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science, and must necessairly be proven by the testimony of skilled professional persons."

If the burden is upon the claimant to show a change of condition, and a change of condition in this instance means that his condition has changed for the worse since May 31, 1928, due to the original injury, we say that the claimant has failed to sustain this burden, for he says himself that he was unable to work then or now, even though his condition has gradually grown worse, but he does not say that it is the

result of the injury. It was proper to question Dr. Simpson about his examination of the witness in 1932, and it was proper for the doctor to give his opinion, based upon the history of the case as given him by the claimant and his examination, but statements made by the claimant to the doctor in 1932, concerning his injury in 1928, cannot be considered as res gestae. We laid down the proper evidentiary value of such statements in St. L. & S. F. Ry. Co. v. McFall, 63 Okla. 124, 163 P. 269, C., R. I. & P. Ry. Co. v. Jackson, 63 Okla. 32, 162 P. 823, and in Ft. Smith & W. Ry. Co. v. Hutchinson, 71 Okla. 139, 175 P. 922, when we held:

"A physician in giving evidence as an expert may testify to a statement made him by the patient in relation to his condition, symptoms, sensations, and feelings, both past and present, when such statements were received and were necessary to an examination, with a view to his treatment and when made the basis, in part at least, of the physician's opinion; but such testimony cannot be considered as independent evidence of the facts stated, except in cases where the same is competent as forming a part of the res gestae."

The only medical testimony appearing in the record supporting claimant's contention with reference to his present physical condition is the testimony of Dr. Simpson. Dr. Simpson's conclusion is stated on page 31 of the record, as follows:

"Q. What is your conclusion, Doctor? A. This man is suffering from a severe injury to the back by reason of the injury to the soft parts and probably to the bony tissue, which has caused a rigidity of the spine from the 11th dorsal throughout the lumbar region. The pyelitis and nephritis from which he now suffers was caused by the injury for the reason that blood showed up in the urine a few hours after the accidental injury and continued to show up for four or five hours after the injury, and that the same injury caused all the damage to the spine and soft parts herein described. This man, in my opinion, is totally and permanently disabled from performing ordinary manual labor."

Since there is no evidence appearing in the record that the claimant passed blood in his urine immediately after the injury, we, therefore, hold the doctor's testimony of such statement, made to him in 1932 by claimant, is not independent, competent evidence to establish such fact. On the contrary, the only medical expert who examined claimant at the time of the injury, and four years later, was Dr.

Boswell, who stated he did not observe any blood in claimant's urine, and he also stated that he was of the opinion that the injury was not the cause of claimant's present condition.

The claimant insists that the findings of fact of the Industrial Commission are conclusive upon this court, and will not be reviewed where there is any competent evidence to support the same. However, in Continental Oil Co. v. Pitts, 158 Okla. 200, 13 P. (2d) 180, we held:

"We are fully aware of our decisions holding that under the Workmen's Compensation Law the findings of fact of the Commission in industrial cases should be followed, but the qualifier is that there must be evidence reasonably tending to support the award."

The award is vacated and the cause remanded.

CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, and WELCH, JJ., concur. RILEY, C. J., and BUSBY, J., absent.