**CITY OF KINGFISHER et al. v. JENKINS et al.**

No. 25300. June 19, 1934.

Rehearing Denied Sept. 11, 1934.

Thos. H. Owen and Paul N. Lindsey, for petitioners.

Robert D. Crowe, Asst. Atty. Gen., and R. F. Shutler, for respondents.

BAYLESS, J. This is an original proceeding in this court by the city of Kingfisher and the United States Fidelity & Guaranty Company to review an order of the Industrial Commission awarding compensation to C. R. Jenkins.

The respondent C. R. Jenkins alleges that while in the employ of the petitioner city of Kingfisher, he sustained an injury consisting of a wrenched knee received while handling and working on a city truck and in the line of duty.

The Commission found that he sustained an accidental injury as claimed, and that by reason of such injury he sustained a 25 per cent. permanent partial loss of the use of his left leg, and awarded him compensation therefor at the rate of $13.85 per week for a period of 43¾ weeks. The respondent had received his regular salary during the interim and no award was made for temporary disability.

The contentions of the petitioners are presented under three propositions as follows:

"First. The Commission erred in finding that the claimant had sustained an accidental personal injury arising out of and in the course of his employment.

"Second. The Commission had no jurisdiction to enter an award in this case for the reason that the proof showed that no notice was given as required by the statute and the claimant did not excuse the failure to give notice.

"Third. There is no evidence that the claimant has 25 per cent. permanent partial loss of the use of his leg."

With respect to the first proposition of petitioners, there was evidence reasonably tending to support the finding of the Commission, and as we have said in Oklahoma Gas & Electric Co. v. Santino, 158 Okla. 70, 12 P. (2d) 221:

"The question of whether an injury arose out of and in the course of employment is one of fact to be determined by the Industrial Commission under the circumstances of each particular case, and where there is any testimony reasonably tending to support its finding, it will not be disturbed on an application to vacate the award."

See, also, Okmulgee Gin Co. v. Fields, 166 Okla. 62, 26 P. (2d) 186, and Superior Smokeless Coal & Mining Co. v. Hise, 89 Okla. 70, 213 P. 303.

With respect to the second proposition of petitioners, the Commission found that actual notice was given the respondent city of Kingfisher within 30 days as provided by the statutes. This we find is reasonably supported by the evidence. Petitioners offered no proof of prejudice by reason of failure to give written notice. As we have said in Olsen Drilling Co. v. Claxton, 152 Okla. 293, 4 P. (2d) 1045:

"In an action to enforce compensation for an injury to an employee under the Workmen's Compensation Law, where it appears that no written notice of the injury was given as required by section 7292, C. O. S. 1921, a want of prejudice to the employer by reason of failure to give the written notice sufficiently appears where it is shown that the employer had actual notice of such injury soon after it occurred and with full knowledge of the injury omitted to administer any relief; and where the employee makes proof of such actual notice of his injury, the burden of proof then shifts to the employer to show that, in spite of such actual notice, he is still prejudiced by the failure to give the written notice."

See, also, Maryland Casualty Co. v. Osborn, 166 Okla. 235, 26 P. (2d) 934.

Petitioners urge that, since the physician did not in so many words express the opinion that the disability of 25 per cent. in the loss of the use of the leg of respondent was permanent, therefore, the evidence was insufficient to support the findings of the Commission to this effect.

We have said in Magnolia Petroleum Co. v. Clow, 163 Okla. 302, 22 P. (2d) 378:

"Where, in a proceeding before the Industrial Commission, the disability alleged to exist is of such character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science and must necessarily be proved by the testimony of skilled professional persons."

And to the same effect in Eagle-Picher Lead Co. v. Black, 164 Okla. 67, 22 P. (2d) 907. This does not mean that the testimony of such skilled and professional persons has to be given categorically, but when their testimony is sufficiently plain and explicit as to justify the meaning assigned it by the Commission and the finding is based thereon, this court will not disturb

such finding, and in that event the finding will be considered as any other question of fact and given weight accordingly. See Amerada Pet. Corp. v. Cook, 152 Okla. 98, 3 P. (2d) 667. This is particularly true where, as in this case, there was no evidence introduced or offered to contradict in any respect the evidence of the respondent.

All of the findings of the Commission being reasonably sustained by the evidence, and there being no error of law, the petition to vacate is denied and the award of the Commission is affirmed.

RILEY, C. J., and ANDREWS, Mc-NEILL, and WELCH, JJ., concur.