## MAGNOLIA PETROLEUM CO. v. BROWN.

No. 25827.   Oct. 15, 1935.

W. H. Francis, B. B. Blakeney, Hubert Ambrister, and W. R. Wallace, for petitioner.

Clyde L. Andrews and J. I. Gibson, for respondent.

GIBSON, J.  This is a proceeding to review an award of the State Industrial Commission.

On or about February 27, 1933, the respondent, H. E. Brown, who was claimant below and who will be referred to hereinafter as such, sustained an accidental personal injury arising out of and in the course of his employment by the petitioner, the Magnolia Petroleum Company, the respondent below.  Compensation for temporary total disability has been paid.  The State Industrial Commission, on July 31, 1934, entered its order finding that the claimant had a permanent partial disability compensable under the "other cases" clause of section 13356, O. S. 1931, which entitled him to compensation, based upon a decrease in his earning capacity, at the rate of $10 per week for a period not to exceed 300 weeks from the 5th day of June, 1933.  Compen-

sation was awarded in accordance with this finding.

Petitioner's principal contention is that claimant is a malingerer; that his disability is pretended, and for those reasons, his claim should be denied.  The Commission found that claimant had a disability to his right leg, resulting from the accidental injury arising out of and in the course of his employment by the petitioner.  There is some competent evidence to support the finding, consequently, we are bound thereby.

The claimant's disability was a partial paralysis or loss of the use of his right leg.  The medical testimony offered by claimant is to the effect that the disability to and paralysis of claimant's leg is due to an injury to claimant's spine, sustained, in the opinion of the medical experts, at the time of the accident which occurred on February 27, 1933.

There is no evidence that claimant has a disability to any member or part of his body other than his right leg, nor is there any evidence that his wage-earning capacity has been decreased except as a result of the disability to and paralysis of his right leg.

In Eubanks v. Barnsdall Oil Co., 169 Okla. 31, 35 P. (2d) 873, we said:

"Where an injury to a workman results in permanent partial disability, a part of which disability is manifested by the loss of, or partial or total loss of use of, a specific member, which portion of the disability is capable of classification under the specific disability schedule of section 13356, O. S. 1931, and the remainder of the disability is incapable of such classification, the injured workman is entitled to compensation for the loss of, or partial or total loss of use of, the specific member without regard to the effect thereof upon his earning capacity, and in addition he is entitled to compensation for the unclassified disability under the 'other cases' clause of section 13356, supra, in accordance with the effect thereof on his earning capacity which is not attributable to the loss of a specific member."

In the body of the opinion it was further said:

"* * * This section (13356, O. S. 1931) contains a specific disability schedule, which prescribed the method of computing compensation in the event an injury results in the total or partial loss of use of various designated members of the human body.  The compensation thus provided is not dependent upon a decrease in earning capac-

ity, and is in lieu of compensation based upon a loss of earning capacity. Thus, if the only disability suffered by an injured workman is a partial loss of use of a specific member, such as the hand or arm, he is entitled to compensation under the specific schedule even though his earning capacity is not decreased by the injury. Conversely, in such a case, he cannot recover more than the amount provided by the specific schedule on the theory that his earning capacity is decreased to such an extent that the compensation provided by the specific injury schedule is inequitable. In other words, the specific disability schedule places an aribitrary and ascertainable value on the designated portions of the human body. However, if the disability suffered extends to portions of the human body not designated in the specific schedule, compensation may properly be awarded under the 'other cases' clause, based upon and determined by the decrease of the injured workman's earning capacity. * * *"

There being no evidence that claimant's earning capacity has been decreased by disabilities not capable of being classified under the specific disability schedule, and there being evidence that claimant's disability is due to the partial loss of use of a specific member, the award herein is vacated and the cause remanded to the State Industrial Commission, with directions to award claimant compensation for loss of the use of his right leg or such part of the loss of use thereof as the claimant is entitled to under the evidence.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS and CORN, JJ., concur.