### GARLAND COAL & MINING CO. v. BROCK et al.
No. 27159. Dec. 22, 1936.

O. E. Swan, for petitioner.

Claud Briggs, John Morrison, Omer Hudson, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. The parties will be referred to here as petitioner and claimant.

On the 15th day of April, 1936, the State Industrial Commission entered its order awarding claimant $2,121 or 175 weeks at $12.12 per week for the loss of use of a leg which had been amputated by an operation prior to the granting of the award. This proceeding was begun to vacate the award, and the sole question presented is whether there is any competent evidence in the record to support the finding of the commission that the disability which resulted in the amputation of the leg resulted from the injury received by the claimant while in the employ of the petitioner and engaged in a hazardous occupation, for which a prior award had been entered. It is not disputed that on the 30th day of October, 1926, claimant while engaged as a workman on the railroad of petitioner was cleaning out and working on a rail which had been jacked up and which fell on the right foot of claimant, crushing and bruising it. Petitioner first reported this injury by filing with the commission employer's first notice November 22, 1926, in which it was stated in effect as above. On December 8, 1926, Form 7 was filed by petitioner, and therein it was stated that disability of claimant ended December 15, 1926. Payments of $66.60 were made under the stipulation therein filed, and on December 30, 1926, the formal order of the commission was entered approving this stipulation and payment.

On January 11, 1927, there was filed claimant's first notice of injury and claim for compensation. This proceeding arose directly after the filing of the motion to reopen on a change of condition filed October 10, 1933, and following hearings thereon June 7, 1934, July 25, 1934, and June 26, 1935.

A number of physicians testified for and against the claimant. In each instance a complete report detailing the history of the case is given. It is the theory of the claimant that the foot finally became so bad that the tibia became infected so that an amputation resulted. It is not contested that such operation was performed and was necessary. The dispute is as to the origin of the disability. The commission went fully into the matter and arrived at its decision after hearing competent medical expert testimony.

In City of Kingfisher v. Jenkins, 168 Okla. 624, 33 P. (2d) 1094, in the syllabus it is stated:

"Where, in a proceeding before the Industrial Commission, the disability alleged to exist is of such character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science and must necessarily be proved by the testimony of skilled professional persons, and a finding of fact based thereon when reasonably supported will not be disturbed."

In the opinion it is stated:

"We have said in Magnolia Petroleum Co. v. Clow, 163 Okla. 302, 22 P. (2d) 378:

"'Where, in a proceeding before the Industrial Commission, the disability alleged to exist is of such character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science, and must necessarily be proved by the testimony of skilled professional persons.'

"And to the same effect in Eagle-Picher Lead Co. v. Black, 164 Okla. 67, 22 P. (2d) 907. This does not mean that the testimony of such skilled and professional persons has to be given categorically, but when their testimony is sufficiently plain and explicit as to justify the meaning assigned it by the commission, and the finding is based thereon, this court will not disturb such finding, and in that event the finding will be considered as any other question of fact and given weight accordingly. See Amerada Pet. Corp. v. Cook. 152 Okla. 98, 3 P. (2d) 667.'"

In Eagle-Picher Mining & Smelting Co. v. Linthicum, 168 Okla. 631, 35 P. (2d) 450, this court said:

"An award of the State Industrial Commission will not be disturbed by this court where there is competent evidence reasonably tending to support the same."

The award is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and BUSBY, PHELPS, CORN, and GIBSON, JJ., concur. RILEY, BAYLESS, and WELCH, JJ., absent.