## LONE STAR STEEL CO. et al.
### v.
## STATE INDUSTRIAL COMMISSION et al.

No. 36031.

Supreme Court of Oklahoma.

May 25, 1954.

Dudley, Duvall & Dudley, Oklahoma City, for petitioners.

Hill & Nix, McAlester, Mac Q. Williamson, Atty. Gen., for respondents.

O'NEAL, Justice.

Clarence Eller, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that on September 2, 1952, while employed by the Lone Star Steel Company, he sustained an injury to his right knee. The State Industrial Commission entered an award for $675 temporary disability and $875 for 35 weeks as payment for permanent partial disability to the right leg. This proceeding is brought by the employer and the Coal Operators Casualty Insurance Company, its insurance

carrier, hereinafter referred to as petitioners, to review the award.

Claimant stated that on said date he was loading coal in the mine of the employer. To do this work he was forced to remain on his knees and due to the strained position his right knee locked. He had formerly sustained an injury to this knee in 1948. At the direction of the employer he reported to the company physician and was treated by him for six weeks. The knee was still sore and painful on the date he testified.

It is first contended that the evidence is insufficient to sustain the finding that claimant suffered an accidental injury. Petitioners cite Phillips Petroleum Co. v. Eaves, 200 Okl. 21, 190 P.2d 462; National Biscuit Co. v. Lout, 179 Okl. 259, 65 P.2d 497; and Oklahoma Leader Co. v. Wells, 147 Okl. 294, 296 P. 751. These cases hold that the only disability resulted from the simple act of stooping and there was no evidence of an injury from strain, falling or other accident.

In Atlas Coal Corp. v. Scales, 198 Okl. 658, 185 P.2d 177, we held that an injury to a knee under somewhat similar circumstances constituted an accidental injury. The evidence is sufficient to support the finding that claimant sustained an accidental injury.

In the second proposition it is argued there is no competent evidence reasonably tending to support the finding that the disability is the result of an accidental injury.

Dr. Greenberger filed a report in which it is stated claimant sustained an injury to his right knee while crawling in the mines.

Claimant's physician filed the following report:

"This concerns the case of Clarence Eller who was seen by Dr. E. H. Shuller at McAlester General Hospital on September 2, 1952.

"Mr. Eller gave a history that in 1948 he had an infection of his right knee. He states that at that time he was treated by Dr. Henry who said that 'he had some pus in the knee.' At the present there is definite pain in the knee joint when pressure is applied or attempting to walk a considerable distance. There is definite tenderness when pressure is applied over the medial aspect of the knee about the medial condyle on assuming the squatting position. He has difficulty in arising and the knee joint sometimes locks on him. The knee at times gives way and is displaced medially and causes severe pain and has great difficulty in flexing the knee.

"I have seen this man on four or five different occasions and the tenderness is still present in the knee joint each time. There is numbness of the leg especially when bearing his weight on the lower extremity compelling him to use crutches to walk to keep from falling.

"It is my opinion that this man has permanent disability of 30 to 40% of the left knee joint, due to a rupture of the cruciate ligaments."

In City of Kingfisher v. Jenkins, 168 Okl. 624, 33 P.2d 1094, 1095, we said:

"We have said in Magnolia Petroleum Co. v. Clow, 163 Okl. 302, 22 P.2d 378:

" 'Where, in a proceeding before the Industrial Commission, the disability alleged to exist is of such character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science, and must necessarily be proved by the testimony of skilled professional persons.'

"And to the same effect in Eagle-Picher Lead Co. v. Black, 164 Okl. 67, 22 P.2d 907. This does not mean that the testimony of such skilled and professional persons has to be given categorically, but when their testimony is sufficiently plain and explicit as to justify the meaning assigned it by the commission and the finding is based thereon, this court will not disturb such finding, and in that event the finding will be considered as any other question of fact and given weight ac-

cordingly. See Amerada Pet. Corp. v. Cook, 152 Okl. 98, 3 P.2d 667. * * *"

Under the above rule there is competent evidence reasonably tending to support the finding that the disability is due to the accidental injury.

Award sustained.

HALLEY, C. J., JOHNSON, V. C. J., and CORN, DAVISON and BLACK-BIRD, JJ., concur.

WILLIAMS, J., dissents.