**Del BAKER, and Employers Mutual Liability Insurance Company of Wisconsin, Petitioners,**

v.

**Herman C. HARRIS, Jr., Minor Son of Herman C. Harris, deceased, and the State Industrial Commission of the State of Oklahoma, Respondents.**

**No. 36915.**

Supreme Court of Oklahoma.

Sept. 25, 1956.

George E. Fisher, John A. O'Toole, Oklahoma City, for petitioners.

Schwoerke & Schwoerke, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, Justice.

This is a proceeding brought under the Death Benefits provision. 85 O.S.1951 § 1 et seq. On the 8th day of November, 1954, Herman C. Harris, Jr., hereinafter called claimant, filed his first notice of injury and claim for compensation stating that on the 5th day of November, 1952, while employed by Del Baker, contractor,

his father sustained an accidental injury arising out of and in the course of the employment when he suffered a severe heart attack which resulted in death. The trial commissioner entered an award which was approved by the Commission en banc on April 21, 1955. This proceeding is brought by Del Baker, employer and his insurance carrier, Employers Mutual Liability Insurance Company, to review the award.

The record discloses that the father, Herman Harris, had filed a claim on January 14, 1953. This claim was settled on joint petition filed and approved March 3, 1953. The consideration for the settlement was $4,500. Thereafter on October 15, 1954, Herman Harris died. The record discloses that Herman Harris was attempting to stop a motor truck from which he had alighted; that the truck began to roll because of defective brakes and was getting out of control and in attempting to stop the truck Herman Harris suffered a severe heart strain. He was hospitalized for several weeks and thereafter on January 14, 1953 filed a claim with the State Industrial Commission. Proceedings were commenced to determine the cause and extent of disability on the 17th day of February 1953, and Herman Harris testified as to the manner in which he received the injury and Dr. S filed a report as to the cause and extent of disability. Thereafter on the 3rd day of March 1953, as stated above the joint settlement was filed and approved.

Shortly after March 3, 1953, Herman Harris bought a cafe at Shawnee, Oklahoma, which he operated approximately three months. He disposed of the cafe and worked for the City of Shawnee for a while and then began the operation of a taxicab which he was operating at the time of his death. On the evening of October 15, 1954, he had gone to a drive-in where his former wife was working and was taking her to her home when he sustained the heart attack resulting in his death.

Petitioners present two questions: (1) there is no evidence reasonably tending to support the finding that Herman Harris sustained an accidental injury arising out of and in the course of the employment; (2) there is no competent evidence reasonably tending to support the finding of the State Industrial Commission that the death of Herman Harris was caused by the said accidental injury.

We have held that disability attributable to a heart condition is compensable under the Workmen's Compensation Act if traceable to an accidental personal injury sustained in the course of and arising out of a hazardous employment covered by the Act. Richards v. State Industrial Commission, 143 Okl. 29, 287 P. 69; Carden Mining & Milling Co. v. Yost, 193 Okl. 423, 144 P.2d 969; State Highway Department v. Powell, Okl., 258 P.2d 1189.

Petitioners cite Cohenour v. Smart, 205 Okl. 668, 240 P.2d 91, which held in effect that a doctor's uncorroborated statement that an accidental injury possibly caused a disability is not sufficient to support a finding of disability.

As stated in Nu-Way Laundry & Cleaners v. State Industrial Commission, 194 Okl. 101, 147 P.2d 795, 796:

" * * * the problem before us is to determine whether the evidence as a whole, including the testimony of this medical expert, makes out a bare cause of possibility or goes beyond and makes the situation one of probability, that is probable causal connection. * * * "

Dr. H. reviewed the testimony given relating to decedent's injury of November 5, 1952, and stated:

"A. I am willing to state that it was caused by the accident as described to me here in court.

"Q. And your answer then is that this man's death resulted from the accident of November 5, 1952? A. The accident as stated to me in this court,

I have no first hand information concerning that."

After a careful review of the evidence we are of the opinion that the testimony of Dr. H. affords substantial evidence as to the cause of the death and not a mere possibility, as claimed by petitioners. In Glen L. Wigton Motor Co. v. Phillips, 163 Okl. 160, 21 P.2d 751, it is stated:

"Expert medical testimony, concerning an injury received to the eye of an employee, to the effect that the disability of the eye might have resulted from the injury, when considered in connection with all the other facts and circumstances as shown by the evidence, is sufficient to support a finding of the State Industrial Commission that said employee sustained a permanent partial loss of vision by reason of said accidental personal injury."

The testimony of Dr. H. is much more definite than the testimony of the medical expert witnesses in either of the above cases.

In City of Kingfisher v. Jenkins, 168 Okl. 624, 33 P.2d 1094, 1095, it is stated:

"We have said in Magnolia Petroleum Co. v. Clow, 163 Okl. 302, 22 P.2d 378:

" 'Where, in a proceeding before the [State] Industrial Commission, the disability alleged to exist is of such character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science, and must necessarily be proved by the testimony of skilled persons.'

"And to the same effect is Eagle-Picher Lead Co. v. Black, 164 Okl. 67, 22 P.2d 907. This does not mean that the testimony of such skilled and professional persons has to be given categorically, but when their testimony is sufficiently plain and explicit as to justify the meaning assigned it by the commission and the finding is based thereon, this court will not disturb such finding, and in that event the find-ing will be considered as any other question of fact and given weight accordingly. See Amerada Pet. Corp. v. Cook, 152 Okl. 98, 3 P.2d 667. * *"

In Nu-Way Laundry & Cleaners v. State Industrial Commission, supra, it is stated:

"Where an award is sought to be vacated on the ground that the expert's testimony was insufficient to establish a causal relation between a personal accidental injury and a subsequent disability, said award will not be vacated if the testimony of the expert witness establishes that the disability was the probable result of the injury."

At the time of the settlement on joint petition Dr. S had filed a report dated February 20, 1953, which tended to ascribe the disability due to the accidental injury to the heart. There is no other accidental injury shown that might have caused the death of Herman Harris. The petitioners offered no medical expert evidence.

■ Petitioners also argue that the doctors who testified for claimant did not assume all of the facts. We have examined the record and find this argument without substantial support. The cause of the death is a question of fact and if there is any competent evidence reasonably tending to support the finding of the State Industrial Commission thereon such will not be disturbed on review. Marby Const. Co. v. Mitchell, Okl., 288 P.2d 1108; State Highway Department v. Powell, supra.

■ We are of the opinion and hold that there is competent evidence reasonably tending to support the finding that the death of Herman Harris resulted from the accidental injury of November 5, 1952.

Award sustained.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON, BLACKBIRD, JACKSON & CARLILE, JJ., concur.

HALLEY, J., dissent.