LONE STAR STEEL COMPANY and Old Republic Insurance Company, Petitioners,

v.

Samuel D. SUTMILLER and the State Industrial Commission, Respondents.

No. 37812.

Supreme Court of Oklahoma.

Nov. 26, 1957.

Spencer W. Lynn, Oklahoma City, for petitioners.

George L. Hill, McAlester, Mac Q. Williamson, Atty. Gen., for respondents.

HALLEY, Justice.

On the 19th day of August, 1955, Samuel D. Sutmiller, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that on July 20, 1955, while employed by Lone Star Steel Company he sustained an accidental injury arising out of and in the course of his employment. An award was made for fifty per cent permanent partial disability to the body as a whole and this proceeding is brought by the employer and its insurance carrier, Old Republic Insurance Company, to review the award.

The record discloses that claimant was working in a recess or room of the mine owned by the employer. A machine for cutting the coal was in use. Due to the fact that ventilation in this area was restricted, the heat of the machine and the lack of fresh air caused claimant to become ill and lapse into a state of physical exhaustion. He was taken to the top of the mine and went home and reported to his family physician. On at least two occasions thereafter he was hospitalized. He was treated by Dr. A who testified for claimant. This doctor gave it as his opinion that claimant is now permanently disabled by reason of carbon monoxide poisoning. His diagnosis was corroborated by another physician who added heat exhaustion to the carbon monoxide poisoning. There is ample evidence to support the finding that claimant has a disability of fifty per cent. Even the medical experts for petitioners admitted a physical disability. The sole question is whether the evidence is sufficient to establish that the disability was caused by accidental injury received in the course of the employment. Petitioners argue there is no evidence that there was carbon monoxide gas in the mine. We have carefully reviewed the evidence and are of the opinion and hold that the evidence is sufficient to establish that claimant was exposed to some poisonous gas or other condition which caused his present disability on the date in question.

In City of Kingfisher v. Jenkins, 168 Okl. 624, 33 P.2d 1094, it is stated:

"Where, in a proceeding before the Industrial Commission, the disability alleged to exist is of such character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science and must necessarily be proved by the testimony of skilled professional persons, and a finding of fact based there-

on when reasonably supported will not be disturbed."

It is a well known fact that carbon monoxide gas is a poison found in mines under certain conditions. Whether by reason of the operation of the machinery and the location of claimant in the mines there was a condition subjecting claimant to poisonous gas and heat exhaustion which was submitted as a question of fact. There is substantial evidence that claimant had no physical disability before the accidental injury of July 20, 1955. Now he is permanently disabled. There was a question of fact as to whether his injury was caused by conditions in the mine and there is competent evidence to support the finding that the disability was caused by an accidental injury arising out of and in the course of the employment.

Award sustained.