BARTLETT–COLLINS COMPANY, a corporation Own Risk Carrier, Petitioner,

v.

Marion F. ARMSTRONG and State Industrial Commission, Respondents.

No. 38591.

Supreme Court of Oklahoma.

Oct. 27, 1959.

Loeffler & Allen, Sapulpa, for petitioner.

Finch & Finch, Sapulpa, Mac Q. Williamson, Atty. Gen., for respondents.

HALLEY, Justice.

On the 15th day of October, 1958, Marion F. Armstrong, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that while employed by Bartlett-Collins Company he sustained an accidental injury arising out of and in the course of his employment April 21, 1958.

An award for temporary total disability was entered by the State Industrial Commission and this proceeding is brought by the employer, own risk, hereinafter called petitioner, to review the award.

Claimant testified he was floor boy for petitioner and on the 21st day of April, 1958, was setting boxes on a conveyor when he stumbled over a broom hurting his back. He was subsequently treated for the back injury. There is evidence he has had an arthritic condition. He had sustained other back injuries while working for petitioner but had never filed a compensation claim or obtained any benefits under the Workmen's Compensation Act.

■ Petitioner argues that the finding of fact by the trial judge that petitioner had knowledge of the accidental injury and that the employer was not prejudiced by the failure to give the statutory written notice required by 85 O.S.1951 § 24, is not supported by the evidence. The evidence discloses that claimant informed three different employees of petitioner that he had hurt his back. We think the evidence, when analyzed and reviewed, supports the finding that petitioner was not prejudiced by a failure to give the statutory written notice. Petitioner cites several cases, among them, Southwest Box Co. v. Dampf, 170 Okl. 269, 39 P.2d 589. The cases on which that opinion is founded are discussed in Skelly Oil Co. v. Grimm, 196 Okl. 122, 163 P.2d 234, 237, wherein we stated:

"We therefore hold that where there is competent evidence to sustain the finding that the employer has not been prejudiced by a failure to give the statutory written notice and the State Industrial Commission has excused the giving of the statutory written notice on this ground this court will not disturb the award, otherwise properly entered, simply because in excusing the giving of the statutory written notice the State Industrial Commission has stated that the employer has had 'actual notice.'"

■ In the syllabus of that case it is stated:

"Where there is competent evidence reasonably tending to sustain the find-

ing that the employer or the insurance carrier, as the case may be, has not been prejudiced by failure to give the statutory written notice and the trial commissioner, or the State Industrial Commission, has excused the giving of the statutory written notice on that ground, the award will not be vacated for failure to give the notice required in the time and manner prescribed."

See, also Fischer-Kimsey Co. v. King, 196 Okl. 92, 162 P.2d 519; Gulf Oil Corporation v. Rouse, 202 Okl. 395, 214 P.2d 251; Oklahoma Natural Gas Co. v. White, 187 Okl. 627, 105 P.2d 225.

■ In two other propositions petitioner argues the evidence does not support the finding that claimant sustained an accidental injury arising out of and in the course of his employment; and there is no medical evidence reasonably tending to support the finding that there is any disability due to an accidental injury. In this connection it is argued the testimony of claimant at the trial differs from the statement made by claimant to an agent for the petitioner and therefore the testimony of claimant is impeached and unworthy of belief. The credibility of the witness, and the weight to be given the testimony is a matter for determination of the trial judge and the State Industrial Commission.

Dr. S and Dr. N filed reports for claimant. Dr. S reviewed the history substantially as given by claimant on the witness stand. If the evidence differs concerning the history given the doctor and the facts testified to by claimant it is in favor of claimant. We think when the reports of these two doctors are analyzed and considered they contain evidence sufficient to inform the State Industrial Commission that it was the opinion of those experts that claimant was temporarily totally disabled by reason of an accidental injury arising out of and in the course of his employment with petitioner.

We have said if there is a strain and medical evidence that the strain caused a disability this constitutes a compensable accidental injury. Choctaw County v. Bateman, 208 Okl. 16, 252 P.2d 465; Calhoun Const. Co. v. Sexton, Okl., 288 P.2d 705.

■ In City of Kingfisher v. Jenkins, 168 Okl. 624, 33 P.2d 1094, 1095, we said:

"We have said in Magnolia Petroleum Co. v. Clow, 163 Okl. 302, 22 P.2d 378:

" 'Where in a proceeding before the Industrial Commission, the disability alleged to exist is of such character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science, and must necessarily be proved by the testimony of skilled professional persons.'

"And to the same effect in Eagle-Picher Lead Co. v. Black, 164 Okl. 67, 22 P.2d 907. This does not mean that the testimony of such skilled and professional persons has to be given categorically, but when their testimony is sufficiently plain and explicit as to justify the meaning assigned it by the commission and the finding is based thereon, this court will not disturb such finding, and in that event the finding will be considered as any other question of fact and given weight accordingly. See Amerada Petroleum Corporation v. Cook, 152 Okl. 98, 3 P.2d 667. * * *"

■ In Calhoun Const. Co. v. Sexton, supra [288 P.2d 705], it is stated:

"A finding by the State Industrial Commission that claimant sustained an accidental injury due to strain will not be disturbed on review where it is reasonably supported by the evidence."

■ There is competent evidence reasonably tending to support the finding of the State Industrial Commission that the claimant is temporarily totally disabled by reason of an accidental injury arising out of and in the course of his employment.

Award sustained.