**OKLAHOMA STEEL CASTINGS COMPANY and United States Fidelity and Guaranty Company, Petitioners,**

v.

**Eugene WILSON and the State Industrial Commission, Respondents.**

No. 38724.

Supreme Court of Oklahoma.
Jan. 26, 1960.

Rhodes, Crowe, Hieronymus & Holloway, Tulsa, for petitioners.

Claud Briggs, Oklahoma City, George D. Willhite, Sapulpa, Wm. Walter Hentz, Jr., Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

IRWIN, Justice.

On September 23, 1958, Eugene Wilson, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that while employed by Oklahoma Steel Castings Company, employer, he sustained an accidental injury arising out of and in the course of his employment on May 9, 1958. The State Industrial Commission entered an award for temporary total disability and this proceeding is brought by the employer and its insurance carrier, United States Fidelity and Guaranty Company, hereinafter called petitioners, to review the award.

The record discloses that claimant was employed as a maintenance man with the employer and his duties were to work in the room where the machinery was located

and on certain days he cleaned the machinery.

Claimant testified that in the morning of May 9, 1958, he was attempting to move an engine off center and due to overexertion he felt a severe chest pain. He sat down and rested for a while and told a fellow employee of the accident. He continued to work until approximately 2:00 P.M. at which time he went home. At all times after the accident he has suffered pain in his chest. On the same afternoon he went to a farm and dug a few post holes and helped repair fence for one and one-half hours. On the following morning he went to see his family physician, Dr. J., who directed him to report to the hospital. He was hospitalized and treated by Dr. G., and remained in the hospital until June 21, 1958. He testified he is unable to perform any manual labor.

Dr. G. who treated claimant and Dr. T. who examined him August 28, 1958, both testified by deposition and both filed reports. Each doctor stated that in his opinion claimant is totally disabled by reason of a heart condition. Dr. G., testified that the injury to the heart was due to strain sustained while working with the engine on May 9, 1958; that he obtained a history of the accidental injury after claimant was admitted to the hospital. The report of Dr. G. concludes:

"In summary, this man suffered an acute coronary thrombosis with myocardial infarction while working on his job and engaged in unusually heavy effort, and in all probability this effort was the causal factor in precipitating his attack."

Dr. T. was of the opinion from the history obtained there was a heart condition due to strain and stated that in his opinion this condition was caused by the accidental injury of May 9, 1958.

Petitioners introduced evidence to the effect that claimant began his work at approximately 12:30 on the afternoon of May 9, 1958, and quit work sometime after 8:00 P.M. of that day. Petitioners also introduced evidence of a fellow employee that claimant did no work on the engine on May 9th, but that the work was performed on May 8, 1958. Petitioners also introduced certain records to support this testimony. There was also testimony of a fellow employee that claimant did not make a complaint as to his feelings on May 9, 1958 as testified by claimant but made such complaint on May 8, 1958.

In a single proposition petitioners argue that the evidence of claimant is not sufficient to support the finding of the State Industrial Commission that claimant sustained an accidental injury arising out of and in the course of the employment. In this connection it is argued that the medical evidence is not sufficient to support the finding that the disability is due to an accidental injury. In Carden Mining & Milling Co. v. Yost, 193 Okl. 423, 144 P.2d 969, 971, it is stated:

"Disability attributable to a condition of the heart is compensable under the Workmen's Compensation Law in this jurisdiction if traceable to an accidental personal injury sustained in the course of and arising out of a hazardous employment covered by the act. Richards v. State Industrial Commission, 143 Okl. 29, 287 P. 69. Our holding in this respect is in accord with the view which obtains in most other jurisdictions. See annotations appearing in 19 A.L.R. 95, at page 110; 28 A.L.R. 204, at page 209; 60 A.L.R. 1299, at page 1314."

See also, to the same effect Clarksburg Paper Co. v. Roper, 196 Okl. 504, 166 P.2d 425; Gulf Oil Corporation v. Rouse, 202 Okl. 395, 214 P.2d 251; and, Boettcher Oil and Gas Co. v. Lamb, 208 Okl. 192, 255 P.2d 277.

We have many times stated that the question of disability and whether it is due to an accidental injury is to be determined by medical experts. City of Kingfisher v. Jenkins, 168 Okl. 624, 33 P.2d 1094; Skelly Oil Co. v. Collins, 181 Okl. 428, 74 P.2d 619; and Frank and Sharp v.

Whiting, Okl., 276 P.2d 759. In City of Kingfisher v. Jenkins, supra, it is stated [168 Okl. 624, 33 P.2d 1095]:

"We have said in Magnolia Petroleum Co. v. Clow, 163 Okl. 302, 22 P.2d 378:

"'Where, in a proceeding before the Industrial Commission, the disability alleged to exist is of such character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science, and must necessarily be proved by the testimony of skilled professional persons.'

"And to the same effect in Eagle-Picher Lead Co. v. Black, 164 Okl. 67, 22 P.2d 907. This does not mean that the testimony of such skilled and professional persons has to be given categorically, but when their testimony is sufficiently plain and explicit as to justify the meaning assigned it by the commission and the finding is based thereon, this court will not disturb such finding, and in that event the finding will be considered as any other question of fact and given weight accordingly. See Amerada Pet. Corp. v. Cook, 152 Okl. 98, 3 P.2d 667. * * "

 Petitioners contend that the testimony offered by them to the effect that claimant was not working on the machinery on May 9, 1958, renders his testimony to the contrary unworthy of belief. We do not agree. There was a conflict in the evidence on this question and in such case the finding of the State Industrial Commission is conclusive. Le Flore-Poteau Coal Co. v. Thurston, 184 Okl. 178, 86 P.2d 284; Standard Roofing & Material Co. v. Mosley, 176 Okl. 517, 56 P.2d 847. In the latter case it is stated:

"The State Industrial Commission is at liberty to refuse to give credence to any portion of the evidence which in its opinion is not entitled to credence, nor is it required to give credence to the greater amount of evidence as against the lesser."

There is competent evidence reasonably tending to support the finding of the State Industrial Commission.

Award sustained.

DAVISON, C. J., WILLIAMS, V. C. J., and WELCH, HALLEY, JOHNSON, BLACKBIRD and BERRY, JJ., concur.