AMERICAN AIRLINES, INC., and Fidelity and Casualty Company of New York, Petitioners,

v.

Thomas R. GRIMES and the State Industrial Court, Respondents.

No. 38719.

Supreme Court of Oklahoma.

May 24, 1960.

Sanders & McElroy, Tulsa, and Dale F. Whitten, Tulsa, of Counsel for petitioners.

Ungerman, Grabel, Ungerman, Leiter & Unruh, Tulsa, and Mac Q. Williamson, Atty. Gen., for respondents.

JACKSON, Justice.

In this proceeding, petitioner American Airlines, Inc. and its insurance carrier contend that the order of the State Industrial Court awarding claimant, Thomas R. Grimes, compensation for permanent partial disability of 15 per centum to the body as a whole is not supported by competent evidence.

Specifically, the award is challenged for want of expert testimony to establish a causal connection between claimant's accidental injury to the head and the subsequent disability to his back. The medical evidence, it is argued, is based on the assumed fact that claimant, when struck on the head by the airplane wing flap, twisted his back, which was wholly unsupported by proof, and that the medical evidence was too indefinite to support the award.

The accident occurred when fifteen men, including claimant, were carrying an airplane wing flap which momentarily slipped from their hands. Claimant testified that the falling flap hit him on the back of his head "hard enough it buckled my knees" and "almost knocked me to the floor".

Next morning, claimant experienced pain and soreness in the lower back, and "around the hip". He did not report for work, and advised the employer of his injury. The following day, he presented himself to the company physician, who referred him to an orthopedist. Claimant was hospitalized for a period of four days, following which he returned to and has remained in petitioner's employ, performing sheet metal work with the aid of a back brace. Dr. C., in relating the history given him by claimant, stated that "he says he was struck on the head by a heavy object and that he injured his back while trying to regain his balance". As to the cause of claimant's disability, Dr. C. further stated:

"I think it was the twisting of the back and the unequal muscle pull of the cogenitally weak back that produced it."

And,

"A disk injury can be caused as I said by an unequal pulling of the muscles. * * *"

Dr. C. further testified, as follows:

"Q. Assuming that the claimant in this case was struck on the head by

an airplane wing flap which had been carried overhead by himself and others and that pain developed shortly afterwards, perhaps a day or two thereafter, have you an opinion based on your medical knowledge or reasonable medical certainty whether that caused the condition you saw in the patient? A. It is probable it could, yes. It could cause it provided we had no other history of back trouble before."

Petitioners do not contend, nor does the record show, that claimant had any previous back trouble. Claimant testified that he had not had any previous difficulty with his back requiring medical attention.

Dr. C. further testified:

"Q. Is it your opinion that the ruptured disk was caused by the accident of May 3, 1957? A. I can offer my opinion on that, sir.

"Q. What is your opinion? A. It could have been."

 In Skelly Oil Co. v. Collins, 181 Okl. 428, 74 P.2d 619, the only medical witness for claimant testified that his condition *could have been* caused by trauma and *could be* attributed to the injury as related to him by claimant.

At page 620 of 74 P.2d we said:

"This evidence plainly intended to inform the commission that the witness was of the opinion that respondent's disability had resulted directly from his fall. While the testimony could have been more direct it did not necessarily have to be so given. Where the evidence is sufficiently plain and explicit so as to justify the conclusion reached therefrom, a finding based thereon will not be disturbed by this court. City of Kingfisher v. Jenkins, 168 Okl. 624, 33 P.2d 1094."

We conclude that Dr. C.'s testimony as to causation was not necessarily based solely on the assumed fact that claimant had twisted his back, and that said testimony constituted competent evidence sufficient to support the finding of the Industrial Court that claimant's disability was caused by the accidental injury.

Award sustained.