CORBUS SPRING SERVICE and Hardware
Mutual Casualty Company,
Petitioners,

v.

Clifford J. CRESSWELL and the State
Industrial Court, Respondents.

No. 39106.

Supreme Court of Oklahoma.
Jan. 31, 1961.

Henry Kolbus, Tulsa, for petitioners.

Joseph E. Mountford, Miami, Mac Q:. Williamson, Atty. Gen., for respondents.

DAVISON, Justice.

Clifford J. Cresswell, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that while he was employed by Corbus Spring Service he sustained an accidental injury March 11, 1959. An award was entered by the State Industrial Court in part as follows:

> "That claimant sustained an accidental personal injury, arising out of and in the course of his hazardous employment with the above named respondent, within the terms and meaning of the Workmen's Compensation Law, on March 11, 1959, consisting of injury to his left hip and back. That respondent had actual knowledge of claimant's said accidental personal injury, and therefore claimant's failure to give written notice of same as required did not operate to prejudice of respondent, and the failure to give such written notice is excused.

\* \* \* \* \* \*

"That as a result of said injury, claimant has sustained 20 per cent permanent partial disability to his body as a whole for which he is entitled to compensation * * * "

This proceeding is brought by the employer and the insurance carrier, Hardware Mutual Casualty Company, hereinafter called petitioners, to review the award.

The record discloses that claimant was employed as a welder and mechanic and on March 11, 1959, was pulling on a lever of a manifold bending machine when the lever broke and he fell backward on the concrete floor striking his left hip and back. He made no immediate report or claim of injury. A short time later he reported to Dr. C., a physician of his own choice, and was sent by him to Veterans Hospital in Muskogee. He underwent surgery for correction of the back by Dr. S. Dr. R. gave a history of the injury and stated claimant had 25 per cent permanent partial disability to the body as a whole. Dr. S. who operated on claimant's back filed a report for petitioners and stated claimant had a 15 per cent permanent partial disability to the body as a whole due to the accidental injury. Dr. J. filed a report for petitioners and stated claimant had a 10 per cent permanent partial disability to the body as a whole.

In three separate but related propositions petitioners argue there is no competent evidence reasonably tending to support the finding that claimant has a 20 per cent permanent partial disability to the body as a whole due to the accidental injury. We cannot agree with petitioners that the medical evidence is not based on the history as given at the trial. Petitioners cite Acme Flour Mills et al. v. Bray et al., 185 Okl. 516, 94 P.2d 828, and Western Goods Roads Service Co. et al. v. Coombes et al., 185 Okl. 599, 95 P.2d 633. These cases are readily distinguishable from the case under consideration. In these and related cases the claimant testified to a different set of facts than that assumed by the medical expert witnesses.

In the present case claimant stated that he fell on his left hip and back. Dr. S. operated on claimant's back. Neither can we agree that there is no competent evidence of Dr. R., expert witness for claimant, that claimant has a disability of 25 per cent due to the accidental injury. After giving the history Dr. R. stated:

"In summary this 46 year old man sustained an injury to his back at work 10 months ago. Six months ago he was operated on and apparently nerve roots were decompressed. This has relieved most of his pain and many of his symptoms but he still has symptoms suggestive of mechanical instability of his back."

Dr. S. testified that claimant had 15 per cent disability due to the accidental injury. Dr. J. after referring to a back injury received March 11, 1959, stated he had a 10 per cent disability to the body as a whole. Although he did not state definitely that it resulted from the accidental injury he gave no other cause for the disability. In City of Kingfisher et al. v. Jenkins et al., 168 Okl. 624, 33 P.2d 1094, 1095, it is stated:

"We have said in Magnolia Petroleum Co. v. Clow, 163 Okl. 302, 22 P. 2d 378:

" 'Where, in a proceeding before the Industrial Commission, the disability alleged to exist is of such character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science, and must necessarily be proved by the testimony of skilled professional persons.'

"And to the same effect in Eagle-Picher Lead Co. v. Black, 164 Okl. 67, 22 P.2d 907. This does not mean that the testimony of such skilled and professional persons has to be given categorically, but when their testimony is sufficiently plain and explicit as to justify the meaning assigned it by the commission and the finding is based thereon, this court will not disturb such

finding, and in that event the finding will be considered as any other question of fact and given weight accordingly. See Amerada Pet. Corp. v. Cook, 152 Okl. 98, 3 P.2d 667. * * *"

In American Airlines, Inc. et al. v. Grimes et al., Okl., 352 P.2d 913, 915, it is stated:

"'This evidence plainly intended to inform the commission that the witness was of the opinion that respondent's disability had resulted directly from his fall. While the testimony could have been more direct it did not necessarily have to be so given. Where the evidence is sufficiently plain and explicit so as to justify the conclusion reached therefrom, a finding based thereon will not be disturbed by this court. City of Kingfisher v. Jenkins, 168 Okl. 624, 33 P.2d 1094.'"

Petitioners also cite Magnolia Petroleum Co. v. Brown, 174 Okl. 191, 50 P.2d 165, and argue the award is improper because the award was for permanent partial disability to the body as a whole. The cited case is not in point because in that case the award recited and was based solely upon disability to a leg and the award was held incorrect because it was given for permanent partial disability under the "other cases" clause of the statute.

The petitioners' contention is that the evidence reflects disability to the left leg and that any award should have been for disability to that member of the body. The claimant fell backward with the force of the fall occurring on the left hip and back. Pain developed in the lower back and left hip and down the left leg. After diagnosis an operation was performed on the back and nerves were decompressed. After the operation claimant was limited in forward bending to about two-thirds of the normal range of back motion; months after the operation there were symptoms of mechanical instability in the back; there was some pain in the left leg after standing on it very much.

Upon consideration of the evidence the Industrial Court found the injury was to the left hip and back and made the award for permanent partial disability to the body as a whole. An injury to the back resulting in disability to the back falls within the provisions of the "other cases" clause of 85 O.S.Supp.1959, § 22, subd. 3. Likewise disability to the hip from an accidental injury falls within the provisions of the "other cases" clause of said statute. State Ins. Fund v. Sharp, 200 Okl. 579, 198 P.2d 431.

■ The report of the doctor for claimant and of the doctors for petitioners fixed the disability as being to the body as a whole. There was no expert medical opinion to the contrary. Under the circumstances the Industrial Court was authorized to make the award for disability to the body as a whole. Ford v. Nellie B. Mining Co., 208 Okl. 265, 255 P.2d 504, and Service Pipe Line Company v. Cargill, Okl., 289 P.2d 961, 963.

We find there is competent evidence reasonably tending to support the finding that due to the accidental injury of March 11, 1959, claimant has a 20 per cent permanent partial disability to the body as a whole.

■ Finally it is argued that the State Industrial Court erred in excusing the giving of the statutory written notice, 85 O.S. Supp. § 24, on the ground that the employer was not prejudiced thereby. Claimant testified that employer was present but this is denied by the employer. There is evidence that the employer was present at the time or immediately after the accidental injury. There is also substantial evidence that within a few days, and a number of times thereafter, employer was fully advised of what had occurred and of pain claimant was experiencing due to the accident.

In Skelly Oil Co. v. Grimm et al., 196 Okl. 122, 163 P.2d 234, 237, it is stated:

"We therefore hold that where there is competent evidence to sustain the finding that the employer has not been prejudiced by a failure to give the statutory written notice and the State Industrial Commission has excused the

giving of the statutory written notice on this ground this court will not disturb the award, otherwise properly entered, simply because in excusing the giving of the statutory written notice the State Industrial Commission has stated that the employer has had 'actual notice.' "

See also Ed Smith Plumbing and Heating Co. et al. v. Williams et al., Okl., 347 P.2d 809, and Nelson Electric Mfg. Co. v. Cartwright et al., Okl., 277 P.2d 163.

There was no error in the finding as to notice.

Award sustained.