**ADA COCA–COLA BOTTLING COMPANY and Equity Mutual Insurance Company, Petitioners,**

v.

**Beulah Brown SNEAD and State Industrial Court, Respondents.**

No. 39205.

Supreme Court of Oklahoma.

June 20, 1961.

Rehearing Denied Sept. 13, 1961.

Kerr, Lambert, Conn & Roberts, By R. Burl Harris, Ada, for petitioners.

Claud Briggs, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

JACKSON, Justice.

This is a proceeding under the death benefit provisions of the Workmen's Compensation Act in which an award was entered in favor of Beulah Brown Snead. The accidental injury occurred January 7, 1957. An award for employee, as claimant, for disability, was vacated in Ada Coca-Cola Bottling Company et al. v. State Industrial Commission et al., Okl., 341 P.2d 568, wherein this court held that there was no competent evidence to support the finding that permanent disability resulted from the accidental injury. Employee died on December 13, 1959. Thereafter Beulah Brown Snead filed her claim under the death benefit provisions of the Act, and an award was entered on May 1, 1960. The medical testimony from the former case is in the record here as the court's exhibit, and there was additional testimony as well.

The only proposition presented by petitioner is to the effect that there is no competent evidence reasonably tending to support the award of death benefits for the death of Orville Snead, because of the injury on January 7, 1957.

As noted above, we have previously determined that the evidence in the former case was insufficient in this regard, and we therefore give particular attention to the later testimony.

Mr. Snead was about 80 years old at the time of the accident. He had previously

694

had two amputations of the left leg, and had had a heart attack in 1952. The accident of January 7, 1957, consisted of a fall to a concrete floor while carrying a carton of Coca-Cola bottles, which happened when Mr. Snead caught his foot on a "pallet leg" and tripped. It is not alleged that any "heart condition" resulted directly from the fall, or that any "heart condition" helped cause the fall. The injuries resulting were bruises and abrasions to the head, cheek, forehead, arm and shoulder.

He continued to work. However, he went to Dr. M., who had been his family physician for several years; Dr. M. treated him several times for the injury between January 7th and January 26th. On January 26th, according to Dr. M., Snead had a "stroke" or cerebral thrombosis, at which time he became totally disabled. It was the opinion of Dr. M. that there was no connection between the injury of January 7th and the cerebral thrombosis of January 26th. Dr. M. continued to treat Mr. Snead until early in May, 1957, at which time Dr. M.'s services were discontinued, and Dr. F. began treating Snead, continuing to do so until the death on December 13, 1959. At the time of death, Dr. F. signed a death certificate for Mr. Snead which was introduced in evidence by claimant. It gives acute coronary thrombosis as the immediate cause of death, and lists as conditions giving rise to the immediate cause, arterio sclerosis generalized, and pulmonary edema. It did not mention the injury on January 7, 1957.

Dr. F. first saw Snead on May 1, 1957. On the basis of a case history given him by the patient, and without reference to the medical records of Dr. M., or the hospital records, Dr. F. gave testimony in the former case to the effect that in his opinion the incident of January 26th could be "on the basis of a cervical disc or in injury to the cervical nerve roots involved in the brachial plexus, and could be the result of the above described injury". (Emphasis supplied.) The use of the term "could be" was one of the reasons why the award for disability was vacated in the former case.

Dr. F. was the only medical expert testifying for claimant in the instant case. Disregarding the evidence of petitioners, and considering the testimony of Dr. F. as a whole, and in the light most favorable to claimant, we find that claimant is relying upon the following set of facts to sustain the award: the accident of January 7th was a contributing cause to whatever happened on January 26th; after the cervical disc or brachial plexus injury of January 26th, Mr. Snead was totally disabled; because of such disability, Snead began to worry about not being able to work and provide for his family, and "lost the will to live"; such worry and loss of will to live was a contributing factor to the acute coronary thrombosis which was the immediate cause of death on December 13, 1959.

■ Coronary thrombosis is one of the ailments included within the meaning of the general term "heart disease". Heart disease, like any other disease or injury, is not compensable unless it arises out of, and in the course of, the employment concerned. 85 O.S.1951 § 3(7); § 11.

Therefore, the question for determination here is whether a prior heart disease, aggravated by worry and loss of will to live, which was in turn caused by inability to work after a cervical disc or brachial plexus injury to which the original accident, a fall, contributed, is compensable. More specifically, the inquiry is whether there is such a causal relationship here between the accident and the heart attack as to satisfy the requirement that the injury or disease arises out of and in the course of the employment, or naturally resulted therefrom.

■ In Novak v. McAlister et al., Okl.. 301 P.2d 234, 235, this court said:

"An injury does not arise out of the employment within the meaning of the Workmen's Compensation Law of this state, unless it results from a risk reasonably incident to the employment, and unless there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection

between the conditions under which the work is required to be performed and the resulting injury."

 An examination of the cases in which awards for disability or death due to heart diseases have been sustained shows that almost without exception, three factors have been present: (1) unusual physical effort, exertion or strain; (2) physical manifestation of pain or discomfort in the region of the chest or heart at the time of the accident or shortly thereafter; and (3) a heart attack of some kind within hours or a very few days after the accident.

See Gulf Oil Corp. v. Kincannon et al., 203 Okl. 95, 218 P.2d 625; Baker et al. v. Harris et al., Okl., 302 P.2d 129; Collins-Dietz-Morris Company et al. v. Richardson et al., Okl., 307 P.2d 159; Charles Banfield Co. et al. v. State Industrial Commission et al., Okl., 309 P.2d 274; Oklahoma Steel Castings Company et al. v. Wilson et al., Okl., 348 P.2d 1075. See also 20 A.L.R. page 36; and 73 A.L.R. page 511.

In the insant case, *no unusual exertion or strain was shown;* there was *no evidence of pain* indicating any kind of heart involvement at the time of the original accident; and the heart attack did not occur till almost *three years* after the accident.

It should not be inferred from our discussion of the "three factors" that we are setting out any general rule to be followed in future cases involving disability or death due to heart disease. Our purpose has been merely to demonstrate the insufficiency of the evidence in the instant case on the question of "causal relationship" between the accident and the heart disease.

Stated another way, and in an overly-simplified manner, the question is whether compensation is payable because a man "worries" himself into a heart attack and death because his work-connected disability makes it impossible for him to work and provide for his family. No case has been called to our attention in which worry was a factor; however, it would seem that such is not a "risk reasonably incident to the employment" within the meaning of the quoted rule from Novak v. McAlister, supra.

 We hold that the connection between the accident and the heart disease in the instant case is too remote and uncertain to constitute a "causal relationship" sufficient to satisfy the statutory requirement that the injury arise out of the employment.

To that extent there is no competent evidence reasonably tending to support the award herein.

See Harvey Company et al. v. Steele et al., Okl., 347 P.2d 802, 803, wherein this court said:

"Where there is an entire absence of competent evidence to support a material finding of fact upon which a workmen's compensation award is based, the award will be vacated on review as a matter of law."

The award of the State Industrial Court is vacated.

WILLIAMS, C. J., and HALLEY, JOHNSON, IRWIN and BERRY, JJ., concur.